**ALHAMBRA FOUNDRY, et al., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

and

**South Bay Foundry, et al., Intervenors.**

No. 83–4–00500.

United States Court of
International Trade.

May 5, 1986.

Simonelli & Hall (Michael H. Hall, Washington, D.C., on the motion), for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, (A. David Lafer, Washington, D.C., on the motion), for defendant.

Brownstein, Zeidman & Schomer (David Amerine and Irwin Altschuler, Washington, D.C., on the motion), for intervenors.

## MEMORANDUM OPINION

CARMAN, Judge.

After reviewing a final affirmative countervailing duty determination brought before this Court by plaintiff's motion under Rule 56.1 of the Court, the Court affirmed the determination of the United States Department of Commerce, International Trade Administration (ITA) regarding twelve of the challenges asserted by plaintiffs and remanded the case regarding the remaining three challenges. Defendant now moves for vacatur of that part of this Court's decision of December 30, 1985, remanding the case to the ITA. Plaintiffs oppose defendant's motion for vacatur of the remand, while intervenors have filed a memorandum supporting the motion.

In Slip Op. 85–130, the Court remanded the case for further clarification and determination regarding the following issues:

(1) the calculation of FONEI (Fund for Industrial Development) and FOGAIN (Fund for the Guarantee of Medium and Small Industry) benefits;

(2) the calculation of the benefit of the state tax exemption received; and

(3) the exchange rates used by the ITA in calculating the net benefit used.

Subsequent to the remand order, the ITA completed its first annual administrative review pursuant to 19 U.S.C. § 1675(a) (1982). As the results of this review will serve as the basis for the actual duty assessment on any unliquidated entries covered by the final determination, as well as for the cash deposits of estimated duties for future entries, defendant contends that the results of the remand would have no practical effect since they will never be used for duty assessment nor for deposits of estimated duties. In short, argues defendant, "there are no entries, present or prospective, which can be affected by any change that may be found upon remand." Defendant's Brief 3.

In *Silver Reed America, Inc. v. United States*, 9 C.I.T. ——, Slip Op. 85–51 (May 1, 1985), the court was faced with an analogous situation in which it had remanded an antidumping determination for reconsideration of a level of trade adjustment. But as subsequently completed administrative reviews govern the rates of final duty assessment and future estimated duty deposits, the Court concluded that recalculation of the dumping margins in the final less than fair value determination would have no effect. The court stated:

> Following an antidumping order, actual duty assessment is based upon an administrative review, either an "early determination" under 19 U.S.C. § 1673e(c) or periodic review determination pursuant to 19 U.S.C. § 1675(a). The results of such administrative reviews serve as the basis for actual duty assessments with regard to the entries covered by the particular determination and as the basis for cash deposits of estimated duties for future entries.

*Id.* at 6. Further, administrative review determinations are subject to judicial review under 19 U.S.C. § 1516(a)(2). The court went on to hold, then, that "under the statutory framework here, judicial review must be based upon the administrative record of the particular proceeding resulting in the challenged determination."[1] *Id.* at 7.

Just as in *Silver Reed*, a remand in this action would serve no purpose. The Court in Slip Op. 85–130 sustained the ITA's determination regarding twelve of the fifteen challenges of plaintiffs. Reversal of the ITA on any of the remaining three issues could do no more than reflect an increase in the amount of net bounties or grants bestowed by the Mexican government (which increase may or may not be reflected in the record of the more recent administrative review). The ITA's affirmative final determination and order thus remains in full force and effect.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for vacatur of that part of this Court's decision of December 30, 1985, in Slip Op. 85–130 which remanded the case to the ITA, and orders that final judgment be entered sustaining the validity of the final affirmative countervailing duty determination and order on iron-metal construction castings from Mexico.

1. With the Trade and Tariff Act of 1984, Pub.L. No. 98–573, § 611(a)(2)(A), 98 Stat. 3031, Congress inserted into the periodic review provision the condition that such a review be requested:

> At least once during each 12-month period beginning on the anniversary date of a countervailing duty order ..., an antidumping duty order ..., or the notice of the suspension of an investigation, the administering authority, *if a request for such a review has been received and* after publication of such a review ..., shall—

> (A) review and determine the amount of any net subsidy,
> (B) review, and determine ... the amount of any antidumping duty, and
> (C) review the current status of, and compliance with, any agreement by reason of which an investigation was suspended ...

19 U.S.C. § 1675(a)(1)(A)–(C) (1982 & Supp. II 1984) (emphasis added).