**McKECHNIE BROTHERS (N.Z.) LTD., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, Defendant,**

and

**Cerro Metal Products, Intervenor–Defendant.**

**Court No. 85–12–01859.**

United States Court of International Trade.

April 18, 1990.

Bronz & Farrell, Edward J. Farrell, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., J. Kevin Horgan and Velta A. Melnbrencis, New York City, and Offices of the Deputy Chief and the Chief Counsel for Import Admin., U.S. Dept. of Commerce, M. Linda Concannon and Matthew Jaffe, Washington, D.C., of counsel, for defendant.

Collier, Shannon, Rill & Scott, David A. Hartquist and Jeffrey S. Beckington, Washington, D.C., for intervenor-defendant.

## MEMORANDUM

AQUILINO, Judge:

The plaintiff has interposed a motion for judgment on the record compiled by the International Trade Administration, U.S. Department of Commerce ("ITA") *sub nom. Low Fuming Brazing Copper Rod and Wire from New Zealand; Final Determination of Sales at Less Than Fair Value,* 50 Fed.Reg. 42,580 (Oct. 21, 1985).

The defendant and the intervenor-defendant have filed papers in opposition to the motion, and the defendant has also filed a motion to dismiss this action as moot.

## I

In reaching the affirmative final determination indicated, the ITA disagreed with the position of the respondent (now plaintiff) on two points, namely, whether to adjust for differences in level of trade and in quantities. On each, the agency reached a negative conclusion as follows:

> ... All of McKechnie's sales to the United States are to wholesalers. In the home market, McKechnie's sales are all to retailers. McKechnie is the only producer in New Zealand of low-fuming brazing copper rod and wire. McKechnie provided information as to the markups of wholesalers in New Zealand of other metal products which are not the subject of this investigation, but inasmuch as there is no information regarding sales in New Zealand by manufacturers of the product under investigation, there is no basis on which to quantify a level of trade adjustment.
>
>   *   *   *   *   *   *
>
> ... The verified data indicate that quantity discounts do not exist. Furthermore, the data do not contain evidence of differences in price associated with differences in quantity as required by § 353.14 of our Regulations (19 C.F.R. 353.14).[1]

No other points of contention between agency and respondent are indicated in the final administrative analysis, and no other points are raised by the plaintiff in this action.

## II

The plaintiff attempts to oppose defendant's motion by arguing that its action continues to be a live case for the simple reason that the [ITA]'s denial of the claimed adjustments has a continuing effect on Plaintiff. There were no claims made for the adjustments in question in the reviews because Plaintiff made a prudent business decision to alter its home market production and selling practices to eliminate those differences for which adjustments were disallowed in the LTFV determination, pending the outcome of this litigation. That is, they eliminated their home market sales to retailers and altered their production methods to sell to New Zealand wholesalers in the larger quantities associated with that changed level of trade.

This business decision was in effect mandated by [the ITA]'s determination not to allow the adjustments requested. That result is ongoing and a[n ITA] determination which has a continuing effect on how Plaintiff does business should continue to be subject to review. If it is not there would simply be no review available of a determination which forced a party to alter its business practices (or assume the risk of an unfavorable litigation result) with the net result being that the [ITA] by its investigation determinations can mandate the practices of exporters without the accountability of judicial review.[2]

Rather than buttress the plaintiff, the "business decision" referred to made this action moot by eliminating the only two points of controversy. Moreover, the indication is that the step was taken before the filing of plaintiff's motion for judgment and also the conduct of administrative reviews.[3] That is, the ITA has carried out reviews of the antidumping-duty order herein pursuant to 19 U.S.C. § 1675, with their results reported at 53 Fed.Reg. 21,504 (June 8, 1988) and 54 Fed.Reg. 47,379 (Nov. 14, 1989).

Defendant's motion claims that

> there are no entries—past, present, or prospective—that can be affected by any change that may result from a possible

**1.** 50 Fed.Reg. at 42,581.

**2.** Plaintiff's Opposition to Defendant's Motion to Dismiss, pp. 2–3.

**3.** Notice of the initiation of the first such review was published at 52 Fed.Reg. 2,123 (Jan. 20, 1987).

recalculation of the original dumping margin, and any recalculation of the dumping margin will have no practical effect. The results of the reviews have in fact superceded the dumping margin established in the less-than-fair value determination.[4]

There is ample precedent in support of this position. *E.g., Fabricas El Carmen, S.A. v. United States*, 12 CIT ——, 680 F.Supp. 1577 (1988); *PPG Industries, Inc. v. United States*, 11 CIT 303, 660 F.Supp. 965 (1987); *Alhambra Foundry v. United States*, 10 CIT 330, 635 F.Supp. 1475 (1986); *Silver Reed America, Inc. v. United States*, 9 CIT 221, 1985 WL 25761 (1985). These cases indicate that this action is moot and that the plaintiff is left praying for an advisory opinion, which this court is not at liberty to render.

Judgment must therefore enter in favor of the defendant.

---

**4.** Defendant's Motion to Dismiss, pp. 2–3, *citing Tai Yang Metal Industrial Co. v. United States,* 13 CIT ——, 712 F.Supp. 973, 976 (1989).