The **TORRINGTON COMPANY,**
Plaintiff,

v.

**UNITED STATES, Defendant,**

**FAG Kugelfischer Georg Schafer KGaA and FAG Bearings Corporation, et al., Defendant–Intervenors.**

Court No. 89–06–00359.

United States Court of
International Trade.

Sept. 25, 1992.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Robert A. Weaver, Washington D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice (A. David Lafer, of counsel), Dean A. Pinkert, Atty.-Advisor, Office of the Chief Counsel for Import Admin., Dept. of Commerce, for defendant.

Grunfeld, Desiderio, Lebowitz & Silverman, Max F. Schutzman and Andrew B. Schroth, for FAG Kugelfischer Georg Schafer KGaA and FAG Bearings Corp.

## OPINION

TSOUCALAS, Judge:

Defendant-intervenor, FAG Kugelfischer Georg Schafer KGaA and FAG Bearings Corporation ("FAG"), brings this action pursuant to Rule 56.1 of the Rules of this Court to affirm the final determination of the Department of Commerce, International Trade Administration ("Commerce" or "ITA"), in the antidumping investigation of antifriction bearings from the Federal Republic of Germany ("Germany"). *Final Determinations of Sales at Less than Fair Value: Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany* ("Final Determinations"), 54 Fed.Reg. 18,992 (1989). Specifically, FAG moves to affirm Count 10 of plaintiff's complaint, the currency hedging adjustment granted to FAG for the 1987 portion of the period of investigation in the final determination.

The facts of this case were set out in detail in *The Torrington Co. v. United States*, 16 CIT ——, 786 F.Supp. 1021 (February 28, 1992). Briefly, Torrington's peti-

tion described the subject merchandise as all ground antifriction bearings (except tapered roller bearings) and parts thereof. Commerce, however, subdivided the merchandise into five classes: ball bearings, spherical roller bearings, cylindrical roller bearings, needle roller bearings and spherical plain bearings. *Final Determinations,* 54 Fed.Reg. at 18,999.

On February 28, 1992, this Court affirmed the determination of the ITA to subdivide the petition's description of the class or kind of merchandise to be investigated and to rescind the investigations of the German respondents' costs of production and to exclude split pillow block housings from the scope of the investigations and held that Commerce's determinations were supported by substantial evidence and were otherwise in accordance with law. *Torrington,* 16 CIT ——, 786 F.Supp. 1021.

On March 2, 1992, this Court ordered that any dispositive motions concerning the issues raised in the pleadings be filed by April 27, 1992. On April 24, 1992, Torrington filed a partial consent motion to dismiss this case, at which time it stated that it would not contest the currency hedging issue. On May 4, 1992, FAG cross-moved to stay dismissal of Count 10 of plaintiff's complaint and for an extension of time within which to file a Rule 56.1 motion with respect thereto, or in the alternative, to dismiss Count 10 of plaintiff's complaint with prejudice.

Usually, it would be the party challenging the determination (Torrington) who would file a brief, but in this case, Torrington withdrew its claim challenging Commerce's treatment of the currency hedging issue. FAG in turn requested to file a brief claiming that it would be prejudiced if this issue were dismissed. On May 7, 1992, this Court issued an order granting FAG's motion for extension of time to file a Rule 56.1 summary judgment motion on the currency hedging issue because at the time it appeared that FAG could be prejudiced. However, the relief sought by FAG in its motion is simply for the Court to affirm Commerce's decision with respect to currency hedging despite Torrington's withdrawal of its claim. It is apparent to the Court that this issue is now moot.

■ When a party who initiates a claim later withdraws or moves to dismiss that claim, then the issue becomes moot. *See Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 527–28, 98 L.Ed.2d 529 (1988); *Application of Kamm,* 452 F.2d 1052, 1054 (C.C.P.A.1972). It is well-established that an "actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated." *See Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 714, 35 L.Ed.2d 147 (1973); *see also SEC v. Medical Comm. for Human Rights,* 404 U.S. 403, 407, 92 S.Ct. 577, 580, 30 L.Ed.2d 560 (1972). In this case, plaintiff moved to dismiss its claim and since plaintiff no longer contests Commerce's determination with respect to the currency hedging adjustment, there is no longer a case or controversy to decide. If this Court were to decide this case, it would be rendering an advisory opinion which it is not at liberty to do. *See McKechnie Bros. (N.Z.) Ltd. v. United States Dep't of Commerce,* 14 CIT ——, ——, 735 F.Supp. 1066, 1068 (1990).

The courts have recognized an exception to the mootness doctrine when an issue is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); *Roe,* 410 U.S. at 125, 93 S.Ct. at 713; *DeFunis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974). The currency hedging issue in this case, however, will surely be raised in the future thus granting the Court ample opportunity to decide this issue at a later date. The issue has been raised by Torrington's complaint in its challenge to the ITA's final results in the first administrative review of antifriction bearings from Germany. In fact, Torrington's case brief, filed on July 1, 1992, in Court No. 91–08–00567, directly addressed the ITA's adjustments for FAG's alleged currency hedging. *See Memorandum in Support of Plaintiff The Torrington Company's Motion for Judgment on the Agency Record* at 59–60. Therefore,

FAG's motion for judgment on the agency record is dismissed.

### Conclusion

FAG's motion for judgment on the agency record regarding Count 10 of plaintiff's complaint is denied. Plaintiff no longer contests the currency hedging issue, therefore, making this issue moot. This case is hereby dismissed in all respects.