**SKF USA, INC.; AB SKF; SKF GmbH and SKF Gleitlager GmbH; SKF France and Sarma; RIV–SKF Industrie, S.p.A.; SKF Sverige, AB; and SKF (U.K.) Limited, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE and Barbara Hackman Franklin, Secretary, U.S. Department of Commerce, Defendants,**

**The Torrington Company, Defendant–Intervenor.**

No. 89–06–00330.

United States Court of International Trade.

Nov. 5, 1992.

Howrey & Simon, Herbert C. Shelley, Alice A. Kipel and Lauren D. Frank, Washington, D.C., for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Jeanne E. Davidson and A. David Lafer, of counsel: Dean A. Pinkert, Attorney–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., for defendants.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, Wesley K. Caine, David Scott Nance, Geert DePrest, Myron A. Brilliant and Christopher J. Callahan, Washington, D.C., for defendant-intervenor.

## OPINION

TSOUCALAS, Judge:

Pursuant to Rule 56.1 of the Rules of this Court, plaintiffs, SKF USA, Inc., AB SKF, SKF GmbH, SKF Gleitlager GmbH, SKF France and SARMA, RIV–SKF Industrie, S.p.A., SKF Sverige, AB and SKF (U.K.) Limited (collectively "SKF"), move for an order granting partial judgment upon the agency record challenging the administrative determinations of the United States Department of Commerce, International Trade Administration ("Commerce" or "ITA"), in *Final Determinations of Sales at Less than Fair Value: Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From The Federal Republic of Germany*, 54 Fed. Reg. 18,992 (1989); *Final Determinations of Sales at Less Than Fair Value; Antifriction Bearings (Other Than Spherical Plain and Tapered Roller Bearings) and Parts Thereof From Italy; and Final Determination of Sales at Not Less Than Fair Value; Spherical Plain Bearings and Parts Thereof, From Italy*, 54 Fed. Reg. 19,096 (1989); *Final Determinations of Sales at Less Than Fair Value: Antifriction Bearings (Other Than Needle Roller Bearings, Spherical Plain Bearings and Tapered Roller Bearings) and Parts Thereof From Sweden; and Final Determinations of Sales at Not Less Than Fair Value: Needle Roller Bearings and Spherical Plain Bearings, and Parts Thereof, From Sweden*, 54 Fed.Reg. 19,114 (1989).

Specifically, the instant action addresses Count III of plaintiffs' amended complaint which claims that Commerce's application of best information available ("BIA") was

unsupported by substantial evidence and not in accordance with law.

Defendants claim that this issue is now moot since Commerce has completed the first administrative reviews of all of SKF's merchandise covered by the antidumping duty orders and thus any challenge to the use of BIA in the original investigation would, if successful, only lower the antidumping duty deposit rate established in the investigations; it would not eliminate the antidumping duty order itself.

It is well-established that an "actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated." *See Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973); *see also SEC v. Medical Comm. for Human Rights*, 404 U.S. 403, 407, 92 S.Ct. 577, 580, 30 L.Ed.2d 560 (1972).

In *PPG Industries, Inc. v. United States*, 11 CIT 303, 660 F.Supp. 965 (1987), Commerce completed an administrative review pursuant to 19 U.S.C. § 1675(a) before the court rendered its decision in a challenge to the final determination in an investigation. In that case, the court granted the government's motion to dismiss based on mootness claiming that the issues presented in the actions challenging the original countervailing duty determination were rendered moot upon the completion and the issuance of the results of the 751 review proceedings. *Id.* at 315, 660 F.Supp. at 974. The court stated that

> any remand directing the ITA to alter the amount of deposit rates determined in the final affirmative countervailing duty order, after the 751 review has already been published establishing the countervailing duties to be assessed or deposited on future entries, would be futile since the remand could never affect the amount of the actual countervailing duty assessments nor the deposits of estimated duties.

*Id.* at 309, 660 F.Supp. at 970.

Similarly, in *Silver Reed America, Inc. v. United States*, 9 CIT 221, 1985 WL 25761 (1985), the Court vacated its remand order to Commerce for recalculation of dumping margins because of the publication of the administrative review determination. Therefore, a recalculation of dumping margins on remand would have no prospective effect regarding actual duty assessments of deposits of estimated duties.

In the case at hand, Commerce has completed the first administrative reviews. Therefore, if the Court were to decide this case, it would be rendering an advisory opinion which it is not at liberty to do. *See McKechnie Bros. (N.Z.) Ltd. v. United States Dep't of Commerce*, 14 CIT ——, ——, 735 F.Supp. 1066, 1068 (1990); *The Torrington Co. v. United States*, 16 CIT ——, ——, 802 F.Supp. 453, 454 (1992).

The courts have recognized an exception to the mootness doctrine when an issue is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); *Roe*, 410 U.S. at 125, 93 S.Ct. at 713; *DeFunis v. Odegaard*, 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974). Plaintiffs claim that the case at hand falls within this exception as the "unlawful" BIA rates could be repeated in later administrative reviews. *Reply Brief of SKF Plaintiffs in Support of Motion for Partial Judgment Upon An Agency Record* at 5–6. The Court agrees that this issue is capable of repetition, but not that it will evade review. In *PPG Indus. Inc.*, the Court ruled that an issue of ITA methodology will not evade judicial review, since a final affirmative determination decides only whether an Order should issue an estimation of duty rates. *PPG Indus. Inc.*, 11 CIT at 314–15, 660 F.Supp. at 974. In contrast, an administrative review covers the actual assessment of duties. Subsequent to such review, all parties are afforded the opportunity to "challenge the actual assessment of duties and estimated deposit duties as well as the methodology employed by the ITA." *Id.* Furthermore, SKF will suffer no harm if estimated duties determined in the original investigation were too high, since any estimated duties found to be overpaid will be refunded with interest pursuant to 19

U.S.C. § 1677g (1988 and 1992 Supp.). Therefore, this case is deemed moot and is hereby dismissed.

## CONCLUSION

Plaintiffs' motion for partial judgment on the agency record is dismissed since Commerce's completion of the first administrative reviews of all SKF merchandise covered by the antidumping duty orders renders this issue moot. Therefore, as the Court has decided all other issues in this action, this case is dismissed in all respects.

## JUDGMENT

Upon consideration of plaintiff's motion for partial judgment upon the agency record concerning reliance upon best information available, defendant's opposition thereto, and upon all other papers and proceedings herein, it is hereby