(C.R.D. 79–7)

EDGE IMPORT CORP. *v.* UNITED STATES

Court No. 75–8–02155

(Dated March 26, 1979)

*Greenwald, Kovner & Goldsmith* (*Frank J. Hariton* and *Leo Goldsmith, Jr.*, of counsel) for the plaintiff.

*Barbara Allen Babcock*, Assistant Attorney General (*Susan Handler-Menahem*, trial attorney), for the defendant.

MEMORANDUM OPINION TO ACCOMPANY ORDER

LANDIS, Judge: In this case plaintiff in its complaint has claimed certain imported merchandise, to wit: knives, should be classified under certain items of TSUS instead of under TSUS item 650.21, as classified by Customs.

Plaintiff has filed brief to which defendant, pursuant to Rules 1.1 and 11.3(g),* has filed motion to strike out portions thereof which allegedly make reference to factual matters not before the court and

---

*                                   RULE 1.1 * * *

•         •         •         •         •         •         •

(b) *Scope and Construction*: These rules govern all proceedings in the U.S. Customs Court and shall be so construed as to promote the just, speedy, and inexpensive determination of every action. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except as provided for in rule 14.9(b). Where, in any proceeding or in any instance, there is no applicable rule of procedure, the judge or judges, before whom the action is pending, may prescribe the same.

•         •         •         •         •         •         •

RULE 11.3 BRIEFS

•         •         •         •         •         •         •

(g) *General*: Briefs must be compact, concise, logically arranged, and free from burdensome, irrelevant, immaterial, and scandalous matter. Briefs not complying with this rule may be disregarded by the court.

•         •         •         •         •         •         •

cites, *inter alia, Application of Harrington,* 55 CCPA 1459 (Patents), 392 F. 2d 653 (1968), and *Dreyfus* v. *Lilienfeld,* 18 CCPA 1526 (Patents), 49 F. 2d 1055 (1931).

Plaintiff has filed response to defendant's motion opposing the same, and in the alternative moves the court to set aside the submission and reopen the trial. Defendant has filed opposition and response objecting to plaintiff's previous motion to vacate submission of this case and reopen the trial.

As motions to strike portions of a brief are only sparingly granted by the court (*Application of Harrington* and *Dreyfus* v. *Lilienfeld, supra*), and as the court will not be prejudiced or misled by any such matter and in order that the case may proceed to final disposition without unnecessary delay, the motion of defendant to strike and the motion of plaintiff to reopen the trial are each, respectively, denied.

Defendant is ordered to file its answer brief on the merits of this case within 30 days from the date hereof.