**KYOWA GAS CHEMICAL INDUSTRY COMPANY, LTD., Plaintiff,**

v.

**UNITED STATES, et al., Defendants,**

**Rohm and Haas Company, Intervenor.**

Court No. 83–8–01226.

United States Court of International Trade.

March 30, 1984.

Bayh, Tabbert & Capehart, Washington, D.C. (Thomas V. Vakerics and Kenneth G. Weigel, Washington, D.C., on the briefs and at the argument), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C. (David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C., and Velta A. Melnbrencis, New York City, on the brief and at the argument), for defendants.

Baker & McKenzie, Washington, D.C. (William D. Outman, II, Washington, D.C., on the brief and at the argument), for intervenor.

*Memorandum Opinion and Order*
*of Remand*

BOE, Judge:

In the above entitled action, plaintiff, Kyowa Gas Chemical Industry Company, Ltd. ("Kyowa"), submitted a Rule 56.1 motion for review of an administrative determination upon an agency record, challenging the Final Results of Administrative Review of Antidumping Finding in Acrylic Sheet from Japan. 48 Fed.Reg. 34490 (July 29, 1983). Specifically, Kyowa seeks review of the Department of Commerce, International Trade Administration ("ITA") determination that Kyowaglas-XA, a product manufactured by the plaintiff, is within the scope of the antidumping finding in *Acrylic Sheet from Japan*, T.D. 76–240, 41 Fed.Reg. 36497 (August 30, 1976).

The pertinent facts are as follows. In 1976, the Secretary of the Treasury published a dumping finding on Acrylic Sheet from Japan, pursuant to section 201 of the Antidumping Act of 1921, as amended (19 U.S.C. § 160(a)). On January 1, 1980, the Trade Agreements Act of 1979 ("Act"), Pub.L. No. 96–39, 93 Stat. 144, became effective. Section 106(a) of the Act provides that prior findings "shall remain in effect, subject to review under section 751 of the Tariff Act of 1930." [1] On March 28, 1980, the Department of Commerce published a notice of intent to conduct administrative reviews of all outstanding findings, including Acrylic Sheet from Japan. 45 Fed.Reg. 20511.

The ITA published a notice of Final Results of Administrative Review of Antidumping Finding in Acrylic Sheet from Japan. 47 Fed.Reg. 993 (January 8, 1982). The scope of the review included:

shipments of acrylic sheet, which is made by polymerizing methyl methacrylate into a stiff, transparent, high molecular weight polymer with resistance to ultraviolet radiation, and includes sheet,

whether or not cast, extruded, drilled, milled or ground on the edges.

The review did not specifically examine Kyowaglas-XA.

Kyowaglas-XA is a newly invented product, which obtained a United States Patent in 1978 and 1980. Until approximately September 1982, Kyowa exported Kyowaglas-XA to the United States without being subject to the 1976 antidumping finding. At that time, Customs at the Port of Baltimore took the position that Kyowaglas-XA was within the scope of the 1976 finding. Because of this action, plaintiff requested the ITA to make a determination with respect to Kyowaglas-XA.

On July 29, 1983, the ITA published a notice of its final results, determining that "KYOWAGLAS–XA is an acrylic sheet and is, therefore, subject to the finding." The Department of Commerce stated:

The Department's primary bases for determining whether a product is outside the scope of an antidumping finding are the descriptions of the product contained in the petition, the initial investigation, and the ITC, Treasury, or Commerce determinations.

When there is vagueness in the description of a product and the Department cannot make a determination concerning the scope of a finding or order based upon the information mentioned above, we use four additional criteria to make the determination on the scope. These criteria are: (1) Physical characteristics of the merchandise; (2) the uses for which the merchandise is imported; (3) the expectation of the ultimate purchasers; and (4) the channels of trade in which the merchandise moves.

In this instance the Department did not need to resort to the four additional criteria to make a determination. We reviewed the petition, the initial investigation, and the ITC's determination, and

---

1. Section 751(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675(a), provides in pertinent part that at least once during each 12-month period beginning on the anniversary of the date of publication of an antidumping finding under the Antidumping Act of 1921, the ITA shall review and determine the amount of any antidumping duty and shall publish the results of such review in the Federal Register.

we find that acrylic sheet, that is clear and/or translucent, regardless of optical clarity, is included within the scope of the finding.

48 Fed.Reg. 34490 (1983). The plaintiff commenced the instant action by the filing of a summons and complaint on August 26, 1983. By order of the court dated December 22, 1983, the Rohm and Haas Company became an intervenor in this action.

■ It is undisputed that in a § 1675(a) review proceeding the ITA may clarify the scope of a prior dumping finding. Clarification of a dumping finding, however, must be distinguished from an attempt to modify or change the original finding. *Royal Business Machines v. United States*, 1 CIT 80, 86–87, 507 F.Supp. 1007, 1013–14 (1980), *aff'd*, 69 CCPA ——, 669 F.2d 692 (1982); *Diversified Products Corp. v. United States*, 572 F.Supp. 883, 6 CIT —— (1983).

In determining the scope of an antidumping finding, the ITA has recognized and employed certain criteria in ascertaining whether an imported product, not previously included, is of the class or kind of merchandise contemplated by the finding. Among the factors considered by the ITA are the general physical characteristics of the product; the expectations of the ultimate purchaser; the channels of trade in which the product is sold; the manner in which the product is advertised and displayed; and the ultimate use of the product.[2] *See Parts for Self-Propelled Bituminous Paving Equipment from Canada; Clarification of Scope and Preliminary Results of Administrative Review of Antidumping Finding*, 46 Fed.Reg. 47806, 47807 (September 30, 1981).

The foregoing criteria have been recognized and utilized by our appellate court as factors in determining whether an imported product belonged to a particular class or kind of merchandise for tariff classification purposes. *See United States v. Carborundum Co.*, 63 CCPA 98, 102, 536 F.2d 373,

377, *cert. denied*, 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 587 (1976). This court in *Diversified Products Corp.* approved these criteria in determining whether a new product was within the class or kind of merchandise described in a prior antidumping finding.

In the proceedings conducted by the ITA presently under review, the Commerce Department states in its notice of final results that it did not apply the aforementioned criteria in determining whether Kyowaglas-XA is within the scope of the 1976 antidumping finding. The Department qualifies the utilization of these criteria as a standard or test by conditioning their use upon a preliminary finding that the initial product description is "vague."

Neither precedent nor authority has been submitted to substantiate the newly enunciated ITA standard. When the record is replete with differing evidentiary facts upon which the criteria may be applicable, the court is unable to accept this qualified application.

■ A determination by the ITA in a § 1675(a) review proceeding shall be accepted by the court if the administrative findings are supported by substantial evidence from the record and are not contrary to law. 19 U.S.C. § 1516a(b)(1)(B). The determinative findings of the administering authority must have a rational basis discernible to the court from the evidence in the record.

■ Other than a self serving conclusion that the product description of acrylic sheet is not vague and, accordingly, that Kyowaglas-XA is within the scope of the antidumping finding in Acrylic Sheet from Japan, the ITA has provided no specific findings based on the applicable criteria as to whether Kyowaglas-XA falls within the class or kind of merchandise encompassed by the original antidumping finding.

---

**2.** In determining whether the 1976 antidumping finding on Acrylic Sheet from Japan encompassed gold-flecked, metallic imbedment type of acrylic, the Customs Service in 1978 considered these criteria "essential factors" to be used as "guidelines" in making rulings on specific products. R. at 312–13.

Counsel in their respective briefs as well as in oral argument seek to place before this court on review evidentiary facts relating to the criteria which the ITA has deemed unnecessary to consider and apply. Had the instant action been before this court *de novo*, the conflicting evidence advanced by the plaintiff, defendant, and intervenor would have been subject to resolution. However, the failure of the ITA in its § 1675(a) review to consider these evidentiary facts in the light of the established criteria and to make its findings with respect thereto serves to make judicial review of the instant action, at this juncture, an idle act.

Accordingly, it is hereby

ORDERED that the within action be and is hereby remanded to the ITA to consider in conformity with this opinion all relevant evidentiary facts and information presently in its possession or which might hereafter be presented to it in connection with the final results of administrative review conducted by it as to whether Kyowaglas-XA is within the scope of the 1976 antidumping finding on Acrylic Sheet from Japan, and it is further

ORDERED that the determination so made by the ITA shall be returned to this court within a period of 30 days from the entry of this order, and it is further

ORDERED that all proceedings in the above action be and are hereby stayed to permit the ITA to make its determination on remand.