**BEKER INDUSTRIES CORP.,** Plaintiff,

v.

**The UNITED STATES,** et al., **Defendants.**

**Court No. 83–12–01818.**

United States Court of International Trade.

April 13, 1984.

**664**

Skadden, Arps, Slate, Meagher & Flom, Washington, D.C. (Rodney O. Thorson, Washington, D.C.), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C., and Velta A. Melnbrencis, New York City, for defendants.

*Opinion*

RESTANI, Judge:

This motion to strike certain portions of the defendants' answer arises out of litigation in which plaintiff, a United States company engaged in the importation of elemental sulphur from Canada, challenges the final results of administrative review of an antidumping finding on elemental sulphur from Canada.[1] Plaintiff seeks an order striking certain paragraphs of defendants' answer and declaring that the corresponding allegations set forth in the complaint are admitted on the grounds that the answers are inadequate and uninformative, are not made in good faith and are not in accordance with Rules 8(c) and 11 of the rules of this court.[2]

The answers challenged relate to paragraphs 10 through 15 and 18 through 26 of the Complaint. The allegations in paragraphs 10 through 15 pertain generally to the nature of plaintiff's relationship to Canamex Commodity Corporation ("Canamex"), a Canadian company which purchases elemental sulphur from Canadian producers and sells it to plaintiff; the relationship between Canamex and its suppliers and plaintiff's knowledge thereof; plaintiff's knowledge of the suppliers' identities; the suppliers' knowledge as to any contractual terms or prices which Canamex charges plaintiff; various functions which Canamex performs in connection with its sulphur trading; and selling restrictions or obligations of Canamex relating to sales inside and outside of Canada. The allegations in paragraphs 18 through 26 pertain generally to preliminary and final determinations made by the ITA with regard to elemental sulphur from Canada, and in particular, the methods by which dumping margins were arrived at; various events relating to these decisions; and various claims relating to the results reached and the knowledge and information which Commerce possessed.

Defendants set forth their answers to each of these allegations, with minor variation, as follows:

Deny the allegations of paragraph [____] except to the extent established by the administrative record in this action, which record is the best evidence of its contents.

Plaintiff essentially alleges that the challenged portions of defendants' answer do not constitute proper denials under Rule 8(c); that the good faith requirement of Rule 11 has not been satisfied; and that the denials should be stricken.[3] Therefore,

**1.** The "Final Results of Administrative Review and of Antidumping Findings" with regard to elemental sulphur from Canada which plaintiff challenges were published on November 28, 1983 at 48 Fed.Reg. 53592 (1983). The actual determination challenged in this action was made by the Department of Commerce's International Trade Administration ("ITA") *See* 19 U.S.C. § 1675(a) (1982).

**2.** Unless otherwise noted, all rules referred to herein are Rules of the Court of International Trade.

**3.** Plaintiff also attacks the government's use of the phrase "which [administrative] record is the best evidence of its contents." The court is unpersuaded that the government intended to invoke Fed.R.Evid. 1001–1004 by its choice of phraseology as plaintiff alleges. If the government did intend to invoke Fed.R.Evid. 1001–1004, it is irrelevant at this point and also harm-

plaintiff argues, the allegations of the complaint relating to the improper denials should be deemed admitted under Rule 8(e).[4] Plaintiff argues that the denials should be stricken and that the good faith requirement of Rule 11 has not been satisfied.

Defendants respond that it is plaintiff's initial burden to identify by specific page references to the administrative record the legal questions and factual issues involved; that plaintiff's allegations were general and did not specifically refer to the administrative record; and additionally, that many of plaintiff's allegations include legal characterizations of the alleged facts.

After a close reading of both the complaint and answer, the court concludes that the portions of defendants' answer under attack sufficiently comply with the spirit of the pleading rules, especially in light of the nature of the relevant statute and Rule 56.1 review, as well as the form of plaintiff's corresponding allegations.

■ Motions to strike under Rule 12(f) of this court's rules,[5] which is identical to Rule 12(f) of the Federal Rules of Civil Procedure, are not favored by the courts. *Lunsford v. United States,* 570 F.2d 221 (8th Cir.1977); *United States v. 416.81 Acres of Land,* 514 F.2d 627 (7th Cir.1975). The motion is recognized to be a drastic remedy. *Augustus v. Board of Public Instruction,* 306 F.2d 862 (5th Cir.1962); *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819 (6th Cir.1953). District courts and similarly, this court, have broad discretion in disposing of motions to strike. *See Anchor Hocking Corp. v. Jacksonville Electric Authority,* 419 F.Supp. 992 (M.D.Fla.1976); *Smith,*

*Kline & French Laboratories v. A.H. Robbins Co.,* 61 F.R.D. 24 (E.D.Pa.1973); *Moore v. Prudential Ins. Co.,* 166 F.Supp. 215 (M.D.N.C.1958).

The basic thrust of plaintiff's motion is that the answer violates Rule 8(c) which provides in pertinent part:

> A party shall ... admit or deny the averments upon which the adverse party relies.... Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits; but when he does so intend to controvert all its averments ... he may do so by general denial subject to the obligations set forth in Rule 11.

■ "It is well to remember that procedure 'exists only for the sake of "substantive" law.'" *Berkey Technical Corp. v. United States,* 71 Cust.Ct. 275, 276, C.R.D. 73–27, 380 F.Supp. 786 (1973) *citing* Holland, *Jurisprudence* 355 (12th ed. 1917). The "substantive" law involved in this case is the antidumping law, or stated with more specificity, judicial review under 19 U.S.C. §§ 1516a(a)(2)(B)(iii) and (b)(1)(B) (1982) of the results of periodic administrative review of antidumping determinations made

---

less. The importance and relevance of the administrative record will be discussed, *infra.*

4. Rule 8(e) provides:

> **(e) Effect of Failure to Deny.** Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

5. Rule 12(f) provides:

> **Motion To Strike.** Upon motion made by a party before responding to a pleading, or if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

pursuant to 19 U.S.C. § 1675.[6] Inseparable from the substantive law involved here is the procedural law which governs review by this court. When a determination by the administering authority under 19 U.S.C. § 1675 is contested, as here, the court's review is narrow. It is limited to a review of the administrative record for the purpose of determining whether the challenged determination or any underlying finding or conclusion is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B). *See Kyowa Gas Chemical Industry Co., Ltd. v. United States,* 7 C.I.T. ——, —— —— ——, 582 F.Supp. 887, 889–890 (1984).

■ Rule 56.1, "Motion for Review of Administrative Determinations Upon an Agency Record," which will govern consideration of this matter, accentuates the unique nature of the particular review action relating to the pleadings challenged. Full import must be given to the provisions of Rule 56.1. *See Roquette Freres and Roquette Corp. v. United States,* 7 C.I.T. ——, Slip Op. 84–11 at 4 (February 17, 1984). In accordance with section 1516, Rule 56.1(a) makes clear that "the determination of the court is to be made solely upon the basis of the record made before an agency." *See also Roquette Freres*

*and Roquette Corp. v. United States, supra* (the Rule 56.1 proceeding is "exclusively a review on the administrative record"). As such, the administrative record plays an extremely important, "evidentiary" sort of role in this type of administrative proceeding. As defendants point out, there are no new factual issues to be tried because there is no right of trial *de novo.* Thus, it is permissible for defendants to make reference to the record in denials corresponding to allegations in the complaint which are unclear, ambiguous, suggestive of extraneous or immaterial points, or appear to exceed the bounds of the inquiry.

Furthermore, "[s]ubsection (c) of Rule 56.1 specifically prescribes the contents of motion papers and accompanying briefs submitted to this Court either contesting or supporting the agency determination." *Roquette Freres and Roquette Corp. v. United States, supra.*[7] To require initial pleading to thoroughly cover the matters required under Rule 56.1(c) would make superfluous most post-pleading filings. The court has decided through its rule making that details are best covered through briefing under Rule 56.1. Consequently, pleading procedure is, at least in this case, altered by the substantive law and related procedures involved here.[8] The court is

---

**6.** Section 751(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675(a) requires that the ITA conduct at least one review annually in which it determines the amount of any antidumping duty, the results of which must be published in the Federal Register. *See Kyowa Gas Chemical Industry Co., Ltd. v. United States, supra,* at 888, n. 1; *see also Smith Corona Group, Consumer Products Division v. United States,* 1 C.I.T. 89, 507 F.Supp. 1015 (1980).

**7.** Rule 56.1(c) states:

In addition to the other requirements prescribed by these rules, the motion papers and briefs submitted on the motion, either contesting or supporting the agency determination, shall include a statement setting forth in separate numbered paragraphs:

(1) The administrative determination sought to be reviewed with appropriate reference to the Federal Register.

(2) The issues of law presented together with the reasons for contesting or supporting the administrative determination, specifying how the determination may be arbitrary, ca-

pricious, an abuse of discretion, not otherwise in accordance with the law, unsupported by substantial evidence or how the determination may have failed to consider facts which, as a matter of law, should have properly been considered. The party should include the authorities relied upon and the conclusions of law deemed warranted by the authorities.

(3) The issues of fact being raised together with a specification of how one of the standards of administrative action mentioned above has been or has not been violated.

(4) All references to the administrative record shall be made by citing the portions of the record to the factual or legal issues raised. Citations shall be by page number of the transcript, if any, and by specific identification of exhibits together with the relevant page number.

**8.** It is indeed important that the court heed the warning

... that in § 1516a review proceedings the intention and, indeed, the mandate of Con-

particularly reluctant to expect more thorough responses on defendants' part where plaintiff itself has not cited to the administrative record. In light of the burdens imposed by Rule 56.1 defendants' denials appear to "fairly meet the substance of the averments denied," *see* Rule 8(c). This reading of the pleadings does substantial justice. *See* Rule 8(g).[9]

Moreover, "pleadings have served their functions once they have framed the issue." *Berkey Technical Corp. v. United States, supra* 71 Cust.Ct. at 278, 380 F.Supp. 786. We believe that defendants' denials do just that: we are apprised of the issues in dispute. Once the issues have been framed, it is then time for the precise presentation of reasons for contest or support of the agency determination in accordance with Rule 56.1(c). After all, the pleading rules were designed to avoid and reduce long and technical allegations. *See Walling v. Beverly Enterprises,* 476 F.2d 393, 397 (9th Cir.1973). With the exception of fraud and mistake,[10] there is no requirement in the rules that pleading be particular.

Although a case involving classification issues, we find *R.J. Saunders & Co., Inc. v. United States,* 66 Cust.Ct. 271, C.D. 4203 (1971) to be instructive. In *R.J. Saunders,* before the court was the plaintiff's motion for a more definite statement with respect to the defendant's answer. The answer denied allegations of the complaint and stated in a separate paragraph

its contention that the decision of the Regional Commissioner was correct. The court denied this motion, finding that such detail was not required by the rules. *See id.* at 272. The inclusion by plaintiff in the complaint of detailed evidentiary matter did not require the answer to state defendant's contentions regarding law and fact as to each denial of those evidentiary facts. Similarly, to the extent that plaintiff in this case has included detailed evidentiary matter, or legal conclusions, defendants are not required to respond in like manner.[11]

Although some of defendants' answers could have been more accurate,[12] this has caused plaintiff no prejudice. We also find that plaintiff has not sufficiently demonstrated a lack of good faith. *See* Rule 11. If the less drastic remedy of requiring amended pleadings would result in clarification of benefit to all parties and the court, the court would consider this remedy, but in this case this would not benefit anyone, including plaintiff; it would merely delay the case. For the above reasons and because this Court is hesitant to grant the extraordinary relief requested in these circumstances, plaintiff's motion to strike is denied.

---

gress for an expeditious judicial determination on the administrative record [may become] subverted by reason of the questionable use of the rules of pleading and practice and motions relating thereto designed primarily for the *trial* of actions in this court.
*Roquette Freres and Roquette Corp. v. United States, supra* at 4.

9. Rule 8(g) provides:
*Construction of Pleadings.* All pleadings shall be so construed as to do substantial justice.

10. Rule 9(b) provides in part, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See generally United States v. F.A.G. Bearings Corporation,* — C.I.T. —, Slip Op. 84–4 (January 1, 1984). But even Rule 9(b) "does not require nor make legitimate the

pleading of detailed evidentiary matter." *Walling v. Beverly Enterprises, supra* at 397.

11. Plaintiff's argument that "... if there is evidentiary matter in the record from which inferences can be drawn, some favoring and some adverse to the plaintiff, there is no way in which that can be discerned from the proffered pleading" is thus inappropriate.

12. For example, defendants' responses could have noted that some of plaintiff's allegations were legal conclusions to which no response was required. It may also be that very limited review of the record would have been necessary in order for defendant to more specifically answer some parts of the complaint.