**UNITED STATES of America, Plaintiff,**

v.

**DAEWOO INTERNATIONAL (AMERICA) CORPORATION and Daewoo Corporation, Defendants.**

No. 87-03-00528.

United States Court of
International Trade.

Dec. 12, 1988.

**ORDER**

TSOUCALAS, Judge.

Plaintiff has moved this Court, pursuant to Rule 59 of the Rules of this Court, for partial rehearing concerning the decision of this Court in *United States v. Daewoo International (America) Corporation and Daewoo Corporation*, 696 F.Supp. 1534 (Sept. 29, 1988) (hereinafter *Daewoo*), and vacatur of the judgment entered therein. Rehearing was granted and oral argument was had on November 17, 1988.

*Daewoo*, familiarity with which is presumed, sets forth the Court's findings of fact and conclusions of law including that portion of the findings and conclusions dealing with defendants' fifth affirmative defense which alleges that the Customs Service did not provide defendants with an opportunity for fair and impartial mitigation during the administrative proceedings.

In this motion plaintiff asks the Court to strike the fifth affirmative defense as inadequate as a matter of law. Plaintiff also requests the Court to vacate the judgment entered herein on two grounds: (1) the judgment holds both defendants jointly and severally liable for domestic value of the merchandise covered by the nine entries, as

opposed to holding each defendant liable for the full domestic value of the merchandise; the complaint seeks the entry of judgment against each defendant and alleges that each defendant committed separate violations of 19 U.S.C. § 1592; (2) that the judgment is premature since no evidentiary support for the domestic value of the nine entries was submitted.

 In *Daewoo*, this Court found that defendants were not denied fair and impartial mitigation proceedings as a result of alleged improper influence but stated that it

does not find it necessary to strike this defense or the DeAngelus affidavit. While defendants presume that an alleged impartial mitigation process should result in dismissing the § 1592 action to collect the assessed penalties, the Court does not concur. In the Court's view, these issues go to the amount of mitigation of any such penalty. The allegations addressing the impartiality of the mitigation process do not attack the underlying violation. Since the amount of any penalty to be assessed shall be determined by the Court, whether at trial or otherwise, the concerns relating to the mitigation procedure may be voiced at that time. However, to reiterate, this defense does not preclude granting partial judgment on the pleadings for plaintiff.

*Daewoo*, Slip Op. 88–130 at 25.

The alleged denial of impartial mitigation was not a bar to granting partial judgment on the pleadings for plaintiff. The Court in its opinion stated that it was not necessary to strike this defense because facts as to mitigation could be shown at the time of the penalty phase of this action.

In light of the above, the Court was in error in not striking the fifth affirmative defense since it would not bar plaintiff from recovery as explained in *Daewoo*.

 The Court agrees to the vacatur of the judgment, as both parties have asked for its revocation since the amount of penalties to be awarded against defendants in

favor of the United States has not been briefed by either party.

Plaintiff's motion is granted and defendants' fifth affirmative defense pertaining to previous mitigation procedures is hereby stricken and the judgment heretofore entered in *Daewoo* is hereby vacated. Judgment will be entered after the penalty is determined by the Court.