ROSE BEARINGS LTD., Plaintiff,

v.

UNITED STATES, Defendant,

**The Torrington Company,
Defendant–Intervenor.**

**Court No. 89–06–00341.**

United States Court of
International Trade.

Nov. 30, 1990.

Tanaka, Ritger & Middleton (Michele N. Tanaka, Alice L. Mattice and Michael J. Brown), Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Jeanne E. Davidson); Washington, D.C., of counsel: Douglas Cohen, Attorney–Advisor, Washington, D.C., Dept. of Commerce, for defendant.

Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and William A. Fennell), Washington, D.C., for defendant-intervenor.

## MEMORANDUM OPINION

TSOUCALAS, Judge:

Defendant-intervenor, The Torrington Company ("Torrington"), has moved to dismiss the action filed by plaintiff, Rose Bearings Ltd. ("Rose"). Plaintiff appealed from the May 1989 final determinations by the United States Department of Commerce, International Trade Administration ("ITA") concerning antifriction bearings from the United Kingdom. *Final Determinations of Sales at Less Than Fair Value; Antifriction Bearings (Other Than Spherical Plain Bearings and Tapered Roller Bearings) and Parts Thereof From the United Kingdom; and Final Determination of Sales at Not Less Than Fair Value: Spherical Plain Bearings Parts Thereof From the United Kingdom,* 54 Fed.Reg. 19,120 (1989).[1] Torrington moves for dismissal pursuant to Rule 12(b)(5) of the rules of this Court, asserting that plaintiff's Complaint fails to state a claim upon which relief may be granted.

Plaintiff manufactures plain bearings in the United Kingdom ("UK") for export to the United States. After an investigation of whether sales of imported antifriction bearings were at less than fair value ("LTFV"), the ITA determined that "spherical plain bearings from the UK are not being, nor are likely to be, sold in the United States at less than fair value." 54 Fed.Reg. at 19,120. Hence, plaintiff was not subject to any antidumping duties. Nonetheless, Rose filed a complaint on July 10, 1989, appealing from the determinations and contesting the ITA's standing and scope determinations.

Torrington and the Government claim that, since Rose was not subject to the antidumping duty order that it has appealed, there is no live case or controversy. Thus, this Court can grant no relief to Rose and the action should be dismissed. Rose counters that, since Torrington has contested the determinations regarding spherical plain bearings, there is a possibility that the court will remand the case to the ITA, and the ITA may then reconsider its decision and impose antidumping duties on Rose.[2] Furthermore, since the issues which concern Rose, namely, standing and scope, currently are before the court in a number of other cases relating to the same determinations, Rose feels this is its only opportunity to be heard on those issues.

The Supreme Court has stated many times that federal courts have no power to decide issues that do not present a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (citations omitted). A court can adjudicate only those matters which involve actual cases or controversies and only where the court's exercise of jurisdiction "can redress some injury suffered by a litigant." *Nuove Industrie Elettriche di Legnano S.p.A. v. United States,* 14 CIT ——, ——, 739 F.Supp. 1567, 1569 (1990).

Rose's not-so-rosy scenario, that the court *may* remand the case and that the ITA *may* reverse its finding as to spherical plain bearings, is precisely the type of situation which calls for an advisory opinion, and the court is barred explicitly from issuing such a ruling. *Id.; see also McKechnie Bros. (N.Z.) Ltd. v. United States Depart-*

---

**1.** Initially, plaintiff's action contested both the ITA determinations and those of the United States International Trade Commission ("ITC"). *See Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany, France, Italy, Japan, Romania, Singapore, Sweden, Thailand, and the United Kingdom,* USITC Pub. 2185 (May 1989). However, on February 20, 1990, this Court ordered the action severed and those parts of the Complaint that challenge the ITC's determination now are covered by Court No. 89–06–00341S.

**2.** Torrington challenged the ITA determinations regarding the UK investigation in Court No. 89–06–00311.

 

*ment of Commerce*, 14 CIT ——, ——, 735 F.Supp. 1066, 1068 (1990). *If* the case is remanded and *if* the ITA then imposes antidumping duties on Rose's bearings, Rose could then bring an action challenging the remand determination.

Rose would not be barred from contesting a remand determination where the new decision adversely affects it, and where Rose had no cause or right to contest the original determination. *See Freeport Minerals Co. v. United States*, 758 F.2d 629, 634 (Fed.Cir.1985). A determination by the ITA on remand that Rose is liable for antidumping duties due to LTFV sales would be a reversal of its original decision and, therefore, would constitute a "new determination" entitling Rose to institute a new action. *Al Tech Specialty Steel Corp. v. United States*, 10 CIT 263, 266, 633 F.Supp. 1376, 1379 (1986); *Alhambra Foundry Co. v. United States*, 12 CIT ——, ——, 685 F.Supp. 1252, 1263 (1988). At this time, however, Rose's action is premature.

Rose also contends that a later action regarding the standing and scope determinations would be futile because they are "general issues" currently before the court and likely to have been decided by the time any possible remand determination is issued. Our appellate court has stated that, in general, a prevailing party may not appeal an administrative determination merely "because [it] disagrees with some of the findings or reasoning." *Freeport*, 758 F.2d at 634. Here, Rose prevailed at the administrative level yet seeks to challenge the findings with which it disagrees. Clearly, such a challenge cannot be heard by the court at this time.

Furthermore, since Rose is an intervenor in *The Torrington Co. v. United States*, Court No. 89–06–00311, it already has the opportunity to be heard on the issues of standing and scope relating to the United Kingdom investigation. Its own action, however, is premature and must be dismissed.