TORRINGTON CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND
THK AMERICA, INC., ET AL., DEFENDANT-INTERVENORS

Court No. 89–06–00357

(Dated July 15, 1991)

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.* and
*Lane S. Hurewitz)* for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice *(Jeanne E. Davidson);* of
counsel: *Dean Pinkert,* Attorney-Advisor, Office of the Chief Counsel for Import Admini-
stration, U.S. Department of Commerce, for defendant.

*Sonnenberg, Anderson, O'Donnell & Rodriguez (Steven P. Sonnenberg);* of counsel:
*Michael A. Johnson,* for defendant-intervenor THK America, Inc.

## MEMORANDUM OPINION AND ORDER

TSOUCALAS, *Judge:* Plaintiff, The Torrington Company ("Tor-
rington"), moves pursuant to Rule 12(f) of the rules of this Court, to
strike the Rule 56.1 motion by defendant-intervenor THK America, Inc.
("THK") for partial judgment on the agency record. Torrington itself
filed a motion for partial judgment on the agency record on June 11,
1990, challenging the final determinations of the Department of Com-
merce, International Trade Administration ("ITA"), in *Final Determi-
nations of Sales at Less Than Fair Value; Antifriction Bearings (Other
Than Tapered Roller Bearings) and Parts Thereof From Japan,* 54 Fed.
Reg. 19,101 (1989). In response, THK filed its own motion for partial
judgment on the record on August 15, 1990, requesting that the Court
"affirm[] the determination of the [ITA] that linear motion guides and
linear motion devices, as defined by the ITA, do not fall within the scope
of the investigation below and are properly excluded therefrom." *Mo-
tion of Defendant-Intervenor, THK America, Inc., for Partial Judgment
on the Administrative Record* at 1.

The ITA, in the antidumping duty order published on May 15, 1989,
did not include linear motion guides and linear motion devices within
the scope of the order. 54 Fed. Reg. 20,905. In addition, Torrington did
not contest the scope of the order in its motion for partial judgment and
accompanying memorandum. Hence, THK was subject to no antidump-
ing duties and can receive no relief as a result of any judgment of this
Court.

Broad discretion is accorded the court in determining whether to grant a motion to strike. *United States v. Daewoo Int'l (Am.) Corp.,* 12 CIT 889, 899, 696 F. Supp. 1534, 1543 (1988), *modified,* 13 CIT 76, 704 F. Supp. 1067 (1988); *Beker Indus. Corp. v. United States,* 7 CIT 199, 200 585 F. Supp. 663, 665 (1984). However, the court generally is disposed against granting such motions since they constitute extraordinary remedies. *Jimlar Corp. v. United States,* 10 CIT 671, 673, 647 F. Supp. 932, 934 (1986).

A similar situation to the present on existed in *Rose Bearings Ltd. v. United States,* 14 CIT 801, 751 F. Supp. 1545 (1990), where the plaintiff had sought judgment affirming the ITA determination which had come out in its favor. In dismissing plaintiff's action, the court reiterated the axiom that "federal courts have no power to decide issues that do not present a 'real and substantial controversy admitting of specific relief through a decree of a conclusive character.'" 14 CIT at 802, 751 F. Supp. at 1546 (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241 (1937)).

The Court may hear only those actions which involve actual cases or controversies where adjudication "can redress some injury suffered by a litigant." *Nuove Indus. Elettriche di Legnano S.p.A. v. United States,* 14 CIT 334, 335–36, 739 F. Supp. 1567, 1569 (1990). In the case at bar, THK has suffered no injury. It prevailed at the administrative level and now seeks a judgment from the Court affirming that favorable determination. Such a judgment would constitute an advisory opinion and, for the reasons stated above, the Court is prohibited from issuing such an opinion.

The Court finds that the extraordinary remedy sought be plaintiff is appropriate. Accordingly, it is hereby

ORDERED plaintiff's motion to strike is granted, and it is further

ORDERED that defendant-intervenor's motion for partial judgment on the agency record, and the accompanying memorandum, will be stricken from the record.