FUJITSU GENERAL, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–03–00187

(Dated August 19, 1991)

*Siegel, Mandell and Davidson (Brian S. Goldstein* and *David Newman)* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *(Vanessa P. Sciarra), (D. Michael Kaye,* Attorney-Advisor, U.S. Department of Commence, Of Counsel) for defendant.

MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* This case comes before the Court on plaintiff's motion to strike portions of defendant's answer as non-responsive under Rules 8(c), 8(f) and 12(f) of the Rules of this Court. Plaintiff alleges that defendant failed to adequately respond to the allegations in its complaint by admitting the allegations "to the extent established by the administrative record, which is the best evidence of its contents." Plaintiff requests that this Court strike defendant's answer to the extent that it admits plaintiff's allegations "to the extent established by the administrative record," and order that defendant file an amended answer.

Defendant argues that under *Beker Industries Corp. v. United States,* 7 CIT 199, 201, 585 F. Supp. 663, 666 (1984), its answer provides sufficiently direct responses to plaintiff's allegations. That case provides in part:

> Although some of defendants' answers could have been more accurate, this has caused plaintiff no prejudice. We also find that plaintiff has not sufficiently demonstrated a lack of good faith. *See* Rule 11. If the less drastic remedy of requiring amended pleadings would result in clarification of benefit to all parties and the Court, the Court would consider this remedy, but in this case this would not benefit anyone, including plaintiff; it would merely delay the case.

*Beker Industries Corp. v. United States,* 7 CIT at 203, 585 F. Supp. at 668.

Under Rule 12(f), the granting of a motion to strike constitutes an extraordinary remedy, and should be granted only in cases where there has been a flagrant disregard of the Rules of this Court. *Jimlar Corp. v. United States,* 10 CIT 671, 673, 647 F. Supp. 932, 934 (1986). The Court does not find that the government's answer is in flagrant disregard of the Rules of this Court.

For the above reasons and because this Court is hesitant to grant the extraordinary relief requested, plaintiff's motion is denied.