The **TORRINGTON COMPANY,**
**Plaintiff,**

v.

**UNITED STATES, Defendant,**

**SKF USA, Inc.; AB SKF; and SKF**
**Sverige AB, Defendants–**
**Intervenors.**

**Court No. 89–06–00309.**

United States Court of
International Trade.

Dec. 4, 1991.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine and Jimmie V. Reyna, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Jeanne E. Davidson, of counsel, John D. McInerney, Sr. Counsel, Douglas S. Cohen, Craig R. Giesse, Diane M. McDevitt, Stephanie J. Mitchell and Maria Solomon, Atty. Advisors, Office of Chief Counsel for Import Admin., Dept. of Commerce, Washington, D.C., for defendant.

Howrey & Simon, Herbert C. Shelley and Lauren D. Frank, Washington, D.C., for defendants-intervenors.

## MEMORANDUM OPINION AND ORDER

TSOUCALAS, Judge:

Plaintiff, The Torrington Company ("Torrington"), brings this action to challenge the final determination of the Department of Commerce, International Trade Administration ("Commerce" or "ITA") in the antidumping investigation of antifriction bearings from Sweden. *Final Determinations of Sales at Less Than Fair Value: Antifriction Bearings (Other Than Needle Roller Bearings, Spherical Plain Bearings, and Tapered Roller Bearings) and Parts Thereof From Sweden; and Final Determinations of Sales at Not Less Than Fair Value: Needle Roller Bearings and Spherical Plain Bearings, and Parts Thereof, From Sweden*, 54 Fed.Reg. 19,114 (1989). Pursuant to Rule 56.1(a) of the rules of this Court, plaintiff seeks partial judgment upon the agency record regarding that part of the ITA's determination which stated that the petition encompassed five separate classes or kinds of antifriction bearings and that part which discusses the foreign market value of the merchandise.

■ A final antidumping determination by the Department of Commerce will be affirmed unless that determination is not supported by substantial evidence or is otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938); *Alhambra Foundry Co. v. United States*, 12 CIT 343, 345, 685 F.Supp. 1252, 1255 (1988) (citations omitted).

### I. Class or Kind

■ The facts of this case were set out in detail in *Torrington Co. v. United States*, 14 CIT ——, 745 F.Supp. 718 (1990), *aff'd*, 938 F.2d 1276 (Fed.Cir.1991). Briefly, while Torrington's petition described the subject merchandise as all ground antifriction bearings (except tapered roller bearings) and parts thereof, the ITA subdivided the merchandise into five classes or kinds: ball bearings, spherical roller bearings, cylindrical roller bearings, needle roller bearings and spherical plain bearings. 54 Fed. Reg. at 18,999. Plaintiff claims Commerce does not have the authority to modify the petition's description of "class or kind," but even if it did, its modification is not supported by substantial evidence in the record.

The Court adheres to its opinion in *Torrington* and finds that, as a matter of law, the ITA has the authority to subdivide the petition's class or kind description when necessary, and when there is substantial evidence to support the subdivision.

■ In the case at bar, plaintiff has attempted to prove that antifriction bearings are one class or kind by showing similarities among the various antifriction bear-

ings within the framework of the criteria set forth in *Diversified Prods. Corp. v. United States*, 6 CIT 155, 162, 572 F.Supp. 883, 889 (1983).[1] The Court finds that the similarities among the bearings are outweighed by substantial evidence supporting the finding of five classes or kinds. *See Torrington*, 14 CIT at ——, 745 F.Supp. at 723–27. Accordingly, the determination of the ITA to subdivide the class or kind description found in the petition is affirmed.

## II. Foreign Market Value

■ Plaintiff also has proposed that, if the case is remanded to the ITA for reconsideration of the determination of foreign market value, the foreign market to be used for the less than fair value price comparisons should be the home market.

In the course of an antidumping investigation, Commerce must determine if the imported merchandise was sold in the United States at less than fair value. 19 U.S.C. § 1673d(a)(1) (1988). In so doing, the ITA compares the United States price of the goods to their foreign market value ("FMV"), and the amount by which FMV exceeds the U.S. price is the dumping margin. 19 U.S.C. § 1673e(a)(1) (1988). Determining FMV requires that the ITA choose which foreign market sales to use for comparison pursuant to a statutory and regulatory hierarchy. *U.H.F.C. Co. v. United States*, 916 F.2d 689, 692 (Fed.Cir.1990).

Ideally, FMV is the price "at which such or similar merchandise is sold ... in the principal markets of the country from which exported," that is, the home market of the firm. 19 U.S.C. § 1677b(a)(1)(A) (1988). However, if the ITA determines that the merchandise is not sold in the home market, or if

the quantity sold for home consumption is so small in relation to the quantity sold for exportation to countries other than

the United States as to form an inadequate basis for comparison, then the price at which [such or similar merchandise is] so sold or offered for sale for exportation to countries other than the United States,

shall be the foreign market value. 19 U.S.C. § 1677b(a)(1)(B) (1988). In certain cases, even such "third country sales" may be an inappropriate basis for determining FMV, in which case the ITA may use "constructed value." 19 U.S.C. § 1677b(a)(2) (1988); 19 C.F.R. § 353.4(a) (1988);[2] *see Kerr–McGee Chem. Corp. v. United States*, 14 CIT ——, ——, 741 F.Supp. 947, 950 (1990).

In the final determinations, the ITA found that the Swedish home market for ball bearings and spherical roller bearings was not viable and that the appropriate markets for measuring foreign market value for defendant-intervenor SKF were those in third countries, primarily West Germany. 54 Fed.Reg. at 19,022. However, the ITA then found that the information SKF submitted on West German sales constituted an inadequate basis for computing FMV, and thus it used best information available, pursuant to 19 U.S.C. § 1677e(c), to calculate FMV. *See* 54 Fed.Reg. at 19,034.

The result was that, using best information available, the ITA determined that SKF was selling ball bearings from Sweden in the United States at less than fair value, and a weighted average margin of 180% was assessed. 54 Fed.Reg. at 19,116. Torrington understandably has no quarrels with this finding. *Memorandum in Support of Plaintiff's Motion for Partial Judgment Upon an Agency Record* ("Plaintiff's Brief") at 21. Its action is based on a concern that the Court may remand the determination regarding Swedish antifriction bearings, since SKF also

---

1. The criteria include the general physical characteristics of the merchandise, the expectations of the ultimate purchasers, channels of trade in which the goods travel, the ultimate use of the product, and its cost or manner of advertising or display. *Id. See also Kyowa Gas Chem. Indus. Co. v. United States*, 7 CIT 138, 140, 582 F.Supp. 887, 889 (1984).

These criteria are codified at 19 U.S.C. § 1677j(d)(1) for scope determinations concerning later developed merchandise.

2. A similar provision is now found at 19 C.F.R. § 353.48 (1991).

has appealed the determination, in Court No. 89–06–00330, and after remand, the ITA might be inclined to use the data from West Germany, to which Torrington objects. Torrington's request for relief is that to

the extent that the court issues a remand in Court No. 89–06–003[3]0 in connection with the issue of verification of SKF's third-country sales response, the court should in this action issue a remand to the ITA with instructions that it determine whether third-country [sales] are an adequate basis for foreign market value given that SKF affirmed an inability to trace its products transferred to SKF subsidiaries, and given that the ITA rejected SKF's third-country sales responses due to inconsistencies, discrepancies, and an unreliable third-country sales database.

Plaintiff's Brief at 88.

Indeed, this Court has remanded that case already, but it has not ruled on the best information available issue. *See SKF USA, Inc. v. United States*, 15 CIT ——, ——, 762 F.Supp. 344, 352 n. 10 (1991). Hence, plaintiff's arguments are not ripe for judicial review, and they must be dismissed. In *Freeport Minerals Co. v. United States*, 758 F.2d 629 (Fed.Cir.1985), the Court of Appeals stated that a prevailing party may not appeal an administrative determination merely "because [it] disagrees with some of the findings or reasoning." 758 F.2d at 634. Such is the case here.

Torrington's response is that due to the Scheduling Order issued by this Court on April 3, 1990, it was required to brief all general issues at that time. Clearly, the Order could cover only those general issues which are ripe for review. If the Court remands the FMV issue regarding use of third country data, and if after remand, the ITA issues a negative determination, Torrington could then raise these arguments, since such a determination "would be a reversal of its original decision and, therefore, would constitute a 'new determination' entitling" Torrington to contest it anew. *See Rose Bearings, Ltd. v. United States*, 14 CIT ——, ——, 751 F.Supp. 1545,

1547 (1990). At this time, however, Torrington's arguments are hypothetical, and any emanations from this Court on that issue would constitute an improper advisory opinion.

### Conclusion

The Court finds that the ITA's determination that antifriction bearings constitute five classes or kinds is supported by substantial evidence and is otherwise in accordance with law. Accordingly, that determination is affirmed.

The Court further finds that plaintiff's argument that the ITA should not use third country sales in its determination of foreign market value if the case is remanded is not ripe for judicial review and is, therefore, dismissed.