**Slip Op. 99-53**

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NORTH AMERICAN PROCESSING CO.,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Court No. 93-11-00769** |
| : | **BEFORE: CARMAN, CHIEF JUDGE** |
| **UNITED STATES,** : | |
| : | |
| **Defendant.** : | |

Defendant, United States, moves this Court for an order to strike footnote 8 of plaintiff's, North American Processing Company's, post-trial memorandum. Plaintiff opposes the motion.

*Held*: Defendant's motion to strike footnote 8 of plaintiff's post-trial memorandum is granted.

Date: June 25, 1999

*Barnes, Richardson & Colburn* (*Rufus E. Jarman, Jr.* and *Christopher E. Pey*), New York, N.Y., for plaintiff.

*David W. Ogden*, Acting Assistant Attorney General of the United States; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Barbara S. Williams*).

## MEMORANDUM OPINION AND ORDER

Defendant, United States, moves for an order to strike footnote 8 of plaintiff's, North American Processing Company's, post-trial memorandum.[1] Defendant argues footnote 8 contains references to a cause of action and evidence in support of that cause of action specifically dropped by plaintiff in its amended complaint and in the parties' pre-trial order

---

[1] Motions to strike are considered by this Court pursuant to Rule 12(f) of the Rules of the United States Court of International Trade. Rule 12(f) states, in pertinent part, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

granted by this Court.  Plaintiff has filed a response to defendant's motion opposing the same, arguing the footnote merely raises a legal issue the Court should consider in reaching the "correct decision" as required under 28 U.S.C. § 2643(b).  *See also Rollerblade, Inc. v. United States*, 112 F.3d 481, 484 (Fed. Cir. 1997).

The underlying dispute in this case is the proper classification of imported merchandise under the Harmonized Tariff Schedule of the United States (HTSUS).  Plaintiff challenges the United States Customs Service's classification of the merchandise at issue under subheading 0202.30.60, HTSUS (1992), as "meat of bovine animals, frozen, boneless, other."  Plaintiff contends the merchandise is properly classifiable under subheading 1502.00.00, HTSUS, as "fats of bovine animals . . . ."  Defendant maintains Customs' classification is correct.

Motions to strike are generally not favored.  *See, e.g., Beker Industries Corp. v. United States*, 7 CIT 199, 200-01, 585 F. Supp. 663, 665 (1984).  The Court, however, has broad discretion to grant or deny motions to strike, *see id.*, and may, *inter alia*, grant a motion to strike where the court would be prejudiced or misled by the inclusion in the brief of improper material. *See Jimlar Corp. v. United* States, 10 CIT 671, 673, 647 F. Supp. 932, 934 (1986) (citing *Edge Import Corp. v. United States*, 82 Cust. Ct. 343, 344 (1979)).

In this case, plaintiff's amended complaint and the parties' pre-trial order specifically exclude the legal issue and argument raised in footnote 8 of plaintiff's post-trial memorandum as a cause of action before this Court.  As the pre-trial order controls the course of the action of the case, the Court finds plaintiff's reference to and argumentation regarding the excluded legal argument in footnote 8 of plaintiff's post-trial memorandum was improper.

For the reasons stated above, defendant's motion to strike footnote 8 from plaintiff's post-trial memorandum is granted.

_____
Gregory W. Carman, Chief Judge

Dated: June 25, 1999
       New York, New York