Slip Op. 14- 47

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ROYAL THAI GOVERNMENT,** Plaintiff, **MARINE GOLD PRODUCTS LIMITED, PAKFOOD PUBLIC COMPANY LIMITED, THAI ROYAL FROZEN FOOD CO., LTD., THAI UNION FROZEN PRODUCTS PUBLIC CO., LTD., and THAI UNION SEAFOOD CO., LTD.,** Plaintiff-Intervenors, v. **UNITED STATES,** Defendant, **COALITION OF GULF SHRIMP INDUSTRIES,** Defendant-Intervenor. | **Before: Jane A. Restani, Judge** **Court No. 13-00333** |

## OPINION

[Motions to dismiss complaint challenging Commerce's negative determination in countervailing duty investigation granted.]

Dated: April 23, 2014

Jay C. Campbell and Walter J. Spak, White & Case, LLP, of Washington, DC, for plaintiff.

Robert G. Gosselink and Jonathan M. Freed, Trade Pacific, PLLC, of Washington, DC, for plaintiff-intervenors.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M.

McCarthy, Assistant Director.  Of counsel on the brief was Jessica M. Forton, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Elizabeth J. Drake, Terrence P. Stewart, Jennifer M. Smith, and Sandra K. Jorgensen, Stewart and Stewart, of Washington, DC, and Edward T. Hayes, Leake & Andersson, LLP, of New Orleans, LA, for defendant-intervenors.

Restani, Judge: This matter is before the court on two motions to dismiss filed pursuant to Rule 12(b)(1) of the United States Court of International Trade by defendant United States and defendant-intervenor Coalition of Gulf Shrimp Industries ("COGSI").  Def.-Intervenor's Mot. to Dismiss, ECF No. 26; Def.'s Mot. to Dismiss, ECF No. 28.  COGSI and the United States move to dismiss the complaint filed by plaintiff Royal Thai Government because plaintiff lacks standing under Article III of the Constitution as there is no live "case or controversy."  For the reasons set forth below, the motions to dismiss are granted without prejudice.

## BACKGROUND

This case concerns a complaint filed by plaintiff challenging the Department of Commerce's ("Commerce") final negative determination in the countervailing duty ("CVD") investigation of certain frozen warmwater shrimp from Thailand.  See Certain Frozen Warmwater Shrimp from Thailand: Final Negative Countervailing Duty Determination, 78 Fed. Reg. 50,379 (Dep't Commerce Aug. 19, 2013).  In its final determination, Commerce found that the total net countervailable subsidy rates for all producers were de minimis and thus published a negative final determination.  Id. at 50,380.  Accordingly, no CVD order issued.[1]  Plaintiff and

---

[1] Because Commerce arrived at a final negative determination, the International Trade Commission ("ITC") did not issue a final injury determination.  The court notes, however, that the ITC rendered a final negative injury determination with respect to the imports of the same

(continued...)

plaintiff-intervenors Marine Gold Products Limited, Pakfood Public Company Limited, Thai

Royal Frozen Food Co., Ltd., Thai Union Frozen Products Public Co., Ltd., and Thai Union

Seafood Co., Ltd. (collectively "Thai Union") challenge certain aspects of Commerce's decision

that were "unfavorable" to plaintiff's and Thai Union's positions before the agency.  Pl.'s Resp.

in Opp'n to Mot. to Dismiss, ECF No. 30, 2 ("Pl. Br.").  Plaintiff is also a defendant-intervenor

in the parallel challenge to Commerce's determination brought by COGSI, COGSI v. United

States, Ct. No. 13-00332 (CIT filed Sept. 18, 2013), but in this action, plaintiff bases its

challenges on aspects of the determination that are not raised by COGSI in the parallel case.

Specifically, plaintiff's complaint alleges that the de minimis subsidy rates calculated by

Commerce should have been even lower.  Compl., ECF No. 8, ¶ 10.  Through this action,

plaintiff seeks to offset any increases in the subsidy rates that might result in the event COGSI is

successful in its appeal of Commerce's final negative determination.[2]  Pl. Br. 3.

## JURISDICTION AND STANDARD OF REVIEW

Plaintiff has the burden of establishing that jurisdiction is appropriate.  See

McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  In this case, plaintiff

claims jurisdiction is proper pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I), 1516a(a)(2)(B)(ii)

---

[1](...continued)
products from several other countries.  See Frozen Warmwater Shrimp from China, Ecuador, India, Malaysia, and Vietnam, 78 Fed. Reg. 64,009 (ITC Oct. 25, 2013).  That determination also is the subject of a challenge by COGSI in a parallel case.  COGSI v. United States, Ct. No. 13-00386 (CIT filed Nov. 22, 2013).  The court has stayed consideration of COGSI's appeal of Commerce's final negative determination in Frozen Warmwater Shrimp from Thailand until the challenge to the ITC determination in Ct. No. 13-00386 has been resolved.

[2] The parallel case brought by Thai Union raising the same issues will be dismissed simultaneously with the issuance of this opinion for the same reasons that plaintiff's complaint is dismissed.

(2012). The jurisdiction of the federal courts, pursuant to the Constitution, however, is constrained to those cases which involve "actual cases or controversies." Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."); see U.S. Const. art. III, § 2, cl. 1. A necessary component of establishing a case or controversy pursuant to Article III is standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). To establish standing, a plaintiff must show an "injury in fact" that is "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." Id. (internal quotation marks omitted). Additionally, plaintiff must demonstrate that the injury is "fairly traceable to the challenged action" and that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 560–61 (internal quotation marks and brackets omitted).

## DISCUSSION

Both this court and the Court of Appeals for the Federal Circuit have held that when a respondent challenges an administrative proceeding in which it has prevailed there is no case or controversy, and thus no jurisdiction lies. See Rose Bearings Ltd. v. United States, 14 CIT 801, 802–03, 751 F. Supp. 1545, 1546–47 (1990); see also Freeport Minerals Co. v. United States, 758 F.2d 629, 634 (Fed. Cir. 1985). Plaintiff alleges that a live case or controversy exists because it is challenging issues from Commerce's determination on which it did not prevail. Pl. Br. 2–5. Nevertheless, the court has held previously that "a prevailing party may not appeal an administrative determination merely because it disagrees with some of the findings or

reasoning." Rose Bearings, 14 CIT at 803, 751 F. Supp. at 1547 (internal quotation marks and brackets omitted). The lack of a CVD order means that plaintiff is currently not suffering any actual or imminent injury in fact due to any alleged errors committed by Commerce. See Lujan, 504 U.S. at 560. Commerce ended the investigation and no cash deposits are currently due and no final duties will be assessed for the period of investigation ("POI"). See Pl. Br. 2 n.1. All deposits have been or will be returned to the subject producers. See id.

Nonetheless, plaintiff alleges that it has standing due to the fact that COGSI has appealed Commerce's determination. Pl. Br. 3. Thus, according to plaintiff, the possibility of an "affirmative CVD determination" by Commerce after finding a higher subsidy rate as a result of COGSI's appeal, implicates a justiciable "case or controversy." Id. at 10. This, however, falls short of establishing actual injury in fact, as several hypothetical events would need to occur before any importers of the Thai goods would be required to post cash deposits or pay countervailing duties: COGSI would have to succeed in obtaining remand before the court, Commerce would have to reverse its negative final determination, and the ITC would have to render an affirmative final determination. The court has held that when a plaintiff merely alleges "hypothetical harm," the court must dismiss the case. See Asahi Seiko Co. v. United States, 755 F. Supp. 2d 1316, 1322 (CIT 2011). Dismissal here is required as any discussion by the court regarding such potential harm would be an impermissible advisory opinion. See Georgetown Steel Corp. v. United States, 16 CIT 1084, 1087–88, 810 F. Supp. 318, 322 (1992). If plaintiff were to prevail on its claims challenging Commerce's determination, and COGSI were to lose on its claims, no remedy would be available as Commerce's existing negative determination is all that plaintiff could hope to obtain on appeal.

Plaintiff also alleges that dismissing its claim while simultaneously allowing

COGSI's appeal to continue "would defy notions of fairness." Pl. Br. 3. Plaintiff's concerns are misplaced. In the event that COGSI succeeds in its appeal of Commerce's determination, Commerce will be required to publish a redetermination on remand. If this occurs, plaintiff will still have a right to challenge that redetermination, either during the course of any remand or in a new suit, even if this case is dismissed at this juncture. See Rose Bearings, 14 CIT at 803, 751 F. Supp. at 1547. In the event there is an affirmative determination on remand by Commerce and the ITC also issues an affirmative determination, plaintiff may then file a case within thirty days of the publication of the resulting CVD order, raising the challenges it now seeks to assert. See 19 U.S.C. § 1516a(a)(2)(A)(i)(II).

## CONCLUSION

As discussed above, plaintiff has failed to establish any live "case or controversy," and thus defendant United States' and defendant-intervenor COGSI's motions to dismiss are granted without prejudice. Because the court lacks jurisdiction over plaintiff's complaint at this juncture, plaintiff's motion to stay is moot. Judgment will issue accordingly.

 /s/ Jane A. Restani   
Jane A. Restani
Judge

Dated: April 23 , 2014
       New York, New York