**FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

**and**

**American Flower Corporation, Defendant–Intervenor.**

**Court No. 87–04–00590.**

United States Court of International Trade.

Oct. 24, 1988.

Stewart & Stewart, Eugene L. Stewart, Terence P. Stewart, Jimmie V. Reyna, James R. Cannon, Jr. and Charles A. St. Charles, Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Elizabeth C. Seastrum, Civil Div., U.S. Dept. of Justice, and Office of the Deputy Chief Counsel for Internat. Trade, U.S. Dept. of Commerce (Matthew Jaffe), Washington, D.C., for defendant.

Heron, Burchette, Ruckert & Rothwell, Thomas A. Rothwell, Jr. and James M. Lyons, Washington, D.C., for defendant-intervenor.

OPINION

RESTANI, Judge:

This matter is before the court on plaintiff's motion for judgment upon the agency

record pursuant to Rule 56.1 of this court. Plaintiff asks the court to review the Department of Commerce, International Trade Administration's (ITA) final negative determination of sales at less than fair value: *Certain Fresh Cut Flowers from Costa Rica,* 52 Fed.Reg. 6852 (Mar. 5, 1987), as amended, 52 Fed.Reg. 8493 (Mar. 18, 1987). The issue before the court is whether ITA had reasonable grounds to believe that the product at issue was being sold for less than the cost of production in the home market so as to compel ITA to conduct a below cost of production investigation.

■ Plaintiff in this case filed several petitions concerned with fresh cut flowers from various countries. This case arises out of one of those petitions. Plaintiff alleges that ITA must perform a below cost of production investigation anytime ITA has information that gives it reasonable cause to suspect such sales are occurring. The court finds that whether ITA has reasonable grounds to believe that merchandise is being sold at below the cost of production may depend, in part, on whether the petitioner has asked for a less than cost of production investigation. The request, and its timing, becomes important where the petitioner has access to the same information to which ITA has access and is actively participating in the proceedings.

■ In this case, no below cost of production investigation was requested during the administrative proceedings. In its petition, Floral Trade alleged that U.S. prices for the imported flowers were below United States cost of production. Apparently, at that time, plaintiff did not believe that the information in its petition was sufficient to give ITA reasonable cause to conduct a below cost of production investigation regarding sales in the home market.

During the course of its basic investigation, ITA sent a questionnaire and requests for information to the principal Costa Rican producer, American Flower Corporation. In response, American Flower Corporation provided information on home market prices and also provided some home market cost of production data. ITA had asked the respondent to provide both types of information because, at the outset, ITA did not know whether actual home market sales data would be an appropriate basis for calculating foreign market value. Floral Trade Council's response to American Flower Corporation's information on its cost of production and sales was not that the data reflected below cost of production sales, but rather that the home market data submitted was unreliable and related to sales of seconds and, therefore, should not be used.

Considerable debate has taken place before the court as to whether the numbers which were present in the responses before ITA, if adjusted,[1] actually provide evidence that below cost of production sales were being made. American Flower Corporation has presented a good case for the proposition that these numbers do not reflect significant below cost of production sales of pompon chrysanthemums, and therefore the need for the investigation with regard to such sales is not obvious.[2] Carnations fall into a different category. Had ITA looked at the data, it might have concluded that it had a reasonable basis to investigate the sales to see if a significant amount were at less than the cost of production. ITA did not do this.

Because ITA is not required by 19 U.S.C. § 1677b(b) (1982) to conduct a below cost of production investigation in all cases, it is important to analyze whether ITA acted reasonably in not conducting the investigation in the context of the particular case at issue. Although ITA is not permitted to ignore relevant information which comes before it in the course of its investigation, *see Timken Co. v. United States,* 10 CIT

---

**1.** Numerous adjustments had to be made to the data in order to make fair comparisons between the reported home market sales data and the cost of production data.

**2.** At least as to pompon chrysanthemums, which represent most of the sales at issue, intervenor

has also demonstrated that using cost of production as constructed foreign market value likely would be of no benefit to plaintiff. This is not determinative, however, as this court cannot know what would happen if ITA actually investigated cost of production.

——, ——, 630 F.Supp. 1327, 1338 (1986), it may be relieved of its duty to utilize certain information potentially favorable to a party, if that party has acted in a manner which directs the investigator in another direction. The court cannot conclude that ITA should have examined the data for purposes of section 1677b(b) because plaintiff did not ask for a section 1677b(b) investigation, carnations represented a relatively small portion of sales, and plaintiff claimed the data which would give rise to a "reasonable basis" for investigation was unreliable. In the context of this case, an alternative request by the plaintiff, which was very involved in the proceedings, to perform the investigation if ITA rejected its primary argument, was a key element which was missing. Petitioner had the information which was available to ITA, knew ITA was not going to perform the investigation and said nothing. For these reasons, ITA's determination is sustained.

This case having been submitted for decision and the Court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

IT IS HEREBY ORDERED: that plaintiff's motion for judgment based upon the administrative record is denied, and this action is hereby dismissed.