**FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

**Florex, et al., Defendant–Intervenors.**

**Court No. 87–05–00687.**

United States Court of International Trade.

Dec. 27, 1988.

---

See also 704 F.Supp. 233.

Stewart & Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon and Jimmie V. Reyna), Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (Elizabeth C. Seastrum), Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant;

(Duane W. Layton) Attorney–Advisor, Office of the Chief Counsel for Import Administration, U.S. Dept. of Commerce, for defendant.

Duncan, Allen and Mitchell (Leslie Alan Glick and John P. Williams), Washington, D.C., for defendant-intervenors.

## OPINION

RESTANI, Judge:

Plaintiff Floral Trade Council of Davis (FTC) has moved for judgment on the agency record. It challenges the International Trade Administration's (ITA) final determination in *Certain Fresh Cut Flowers from Mexico*, 52 Fed.Reg. 6361 (1987). In particular, FTC, a trade association of domestic flower growers, challenges ITA's monthly averaging of United States Price data and ITA's failure to conduct a below cost of production investigation with regard to home market sales of the Mexican producer known as Floremor.

The court has found in a related case that averaging of United States price is appropriate for the simultaneous flower investigations initiated by petitioner FTC. ITA's reasoning is the same for both cases, as is the court's view of the ITA's determinations on this issue. For a full discussion of this issue *see Floral Trade Council v. United States*, 704 F.Supp. 233 (C.I.T.1988) (review of ITA final determination as to fresh cut flowers from Ecuador).

FTC's other challenge is similar to one which was also made in the Ecuadorian case, to which the reader also should refer on this issue. FTC's basic argument is that ITA has an obligation to *sua sponte* undertake below cost of production investigations whenever information in the record facially gives ITA reason to suspect such sales are occurring. 19 U.S.C. § 1677b(b) (1982) requires ITA to conduct such an investigation if it has "reasonable grounds to believe or suspect" sales are being made at less than the cost of production. The court's view is that whether ITA has rea-

son to suspect below cost sales are being made relates not just to the data submitted to it but to the context in which that data exists. Thus, in *Floral Trade Council v. United States*, 698 F.Supp. 925 (C.I.T.1988) (review of ITA final determination as to fresh cut flowers from Costa Rica), the court found ITA did not err in failing to conduct a below cost of sales investigation even though the numerical data in the record when properly adjusted and examined with this issue in mind, could have given ITA reason to suspect below cost sales. The court viewed petitioner's failure to raise the issue at all in the administrative proceeding, even after ITA had given notice that no below cost investigation would occur and petitioner had viewed the data and discussed it in detail, as good reason for ITA not to perform such an investigation. This case is distinguishable from the Costa Rican case because in the case at hand FTC did raise the issue at the administrative level.[1] It did so, not at the time of petition filing, but rather it raised the issue in its post-preliminary determination pre-hearing brief.

ITA asserts nonetheless that a below cost of sales investigation request filed, as this one was, thirty-one days in advance of the due date of the final determination is untimely. There seems to be little debate that thirty-one days is not a sufficient time. That ITA was able to extend the final date based on a series of requests by the foreign respondents does not significantly alter the time problem. In this case, ITA appears never to have been in a position to believe it had more than one month remaining for the investigation. There is no indication that ITA knew that the respondents would request four extensions of the final determination date.

There is also no indication in the record that ITA, assuming the request had been timely received, would have considered the particular information which surfaced during the investigation as actually sufficient to warrant a below cost inves-

tigation. The record does indicate that the relevant information was not specific to the concerned producers; it was that of another Mexican producer. Such information could have been compared with Floremor's prices, but this is the kind of information that is indirect enough so that ITA would not be required to *sua sponte* recognize that a below cost of investigation was necessary, particularly where a very active participant in the proceedings had yet to raise the below cost issue.

Nonetheless, as FTC has no duty to investigate, FTC's only error with regard to this issue was waiting more than two months after it received the same indirect information which ITA had uncovered before it requested the below cost investigation. As indicated, the evidence giving rise to reason to suspect below cost sales was not so clear that ITA should have immediately leapt to the conclusion that the below cost investigation was necessary, in the absence of petitioner's request. The court concludes therefore, that ITA acted reasonably in not conducting the below cost of production investigation after it received petitioner's late request, and that under the circumstances of this case ITA did not err by failing to address this issue at an earlier date on its own. Accordingly, ITA's final determination is sustained.

### JUDGMENT

This case having been submitted for decision and the Court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

IT IS HEREBY ORDERED: that plaintiffs motion for judgement on the administrative record is denied and this action is hereby dismissed.

---

1. The Costa Rican case also differs from both the Ecuadorian case and this case on another point. In the Costa Rican case the relevant data

concerned the specific producer at issue. In the Ecuadorian case the data was not even country specific.