The TORRINGTON COMPANY,
Plaintiff–Appellant,

v.

The UNITED STATES,
Defendant–Appellee.

No. 91–1020.

United States Court of Appeals,
Federal Circuit.

July 3, 1991.

Terence P. Stewart, of Stewart and Stewart, Washington, D.C., argued for plaintiff-appellant. With him on the brief were Eugene L. Stewart and Wesley K. Caine.

Jeanne E. Davidson, of the Civ. Div., Dept. of Justice, Washington, D.C., argued for defendant-appellee. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., and David M. Cohen, Director. Of counsel were Stephen J. Powell and John D. McInerney, of the Office of the Chief Counsel for Import Admin., Dept. of Commerce.

J. Unger Donald, of Barnes, Richardson & Colburn, Chicago, Ill., represented amici curiae NTN Corp., NTN Bearing Corp. of America, American NTN Bearing Mfg. Corp., and NTN Toyo Bearing Co., Ltd. Of counsel were Robert E. Burke, Kazumune V. Kano, and Diane A. MacDonald.

Before RICH, ARCHER, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

This is an appeal from the August 3, 1990, judgment of the Court of International Trade which held that the Department of Commerce has the authority to modify a petition's description of "class or kind" in an antidumping investigation when it finds that the petition has described more than one class or kind of merchandise, and that its determination was supported by substantial evidence. *Torrington Co. v. United States*, 745 F.Supp. 718 (Ct. Int'l Trade 1990). We affirm.

## BACKGROUND

On March 31, 1988, the Torrington Company filed a petition with the Department of Commerce requesting that antidumping duties be imposed on imports of antifriction bearings from a number of countries. The petition stated the class of imported merchandise to be "all ground antifriction bearings and all parts thereof both finished and unfinished with the exception of tapered roller bearings."

Based on the petition, Commerce initiated an antidumping investigation and determined that there were five classes of bearings. The classes were: (1) ball bearings, (2) spherical roller bearings, (3) cylindrical roller bearings, (4) needle roller bearings, and (5) plain bearings. Commerce

then notified Torrington that more evidence as to the several classes was required. Torrington submitted more evidence, but this evidence was deemed by Commerce to be inadequate as to certain classes. Accordingly, Commerce rescinded the investigations of classes 3, 4, and 5. As to the other classes, Commerce concluded that dumping was occurring and issued antidumping duty orders.

Torrington appealed Commerce's determination to the Court of International Trade. The court held that Commerce did not err in determining that there were five classes of bearings as opposed to the one class alleged in Torrington's petition, and that this determination was supported by substantial evidence. This appeal followed.

## DISCUSSION

The principal issues here are (1) whether Commerce has the discretionary authority to determine the number of classes in an antidumping investigation, and (2) whether Commerce's determination that there were five classes of bearings was supported by substantial evidence. The first issue is a legal one which we review *de novo*, *Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577, 1578 (Fed.Cir.1991); in the second, we review the evidence of record to determine whether substantial evidence supports Commerce's determination, *American Permac, Inc. v. United States*, 831 F.2d 269, 273, 6 Fed.Cir. (T) 6, 10–11 (1987), *cert. dismissed*, 485 U.S. 901, 108 S.Ct. 1067, 99 L.Ed.2d 229 (1988).

Appellant argues that the court improperly upheld an erroneously narrow construction by Commerce of the term "class," that it improperly upheld a determination which was unsupported by substantial evidence, that it erred by upholding a determination that was inconsistent with precedent, and that the court erred by upholding Commerce's "class or kind" determination because it was inconsistent with the class description in the antidumping petition.

Because the trial court performed a thorough and correct analysis of the facts and arguments raised, we affirm its

**1278**

decision and adopt its opinion as our own. Moreover, we note that Commerce is charged with administering the involved sections of the antidumping duty laws. We will not disturb its interpretation unless it is unreasonable, and we conclude that it is not. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). We have considered all of appellant's arguments and find no reason to reverse the Court of International Trade.

## CONCLUSION

Commerce has the discretionary authority to define the classes of merchandise that are the subject of an antidumping investigation. Its determination was supported by substantial evidence. The judgment of the court is therefore

AFFIRMED.