**The TORRINGTON COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant,**

**INA Bearing Co., Inc. and INA Roulements, S.A., SKF USA, Inc., AB SKF and SKF France and Sarma, SNR Roulements and SNR Bearings, USA, Inc., Defendants–Intervenors.**

Court No. 89–06–00358.

United States Court of International Trade.

Feb. 19, 1992.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Geert De Prest, Myron A. Brilliant and Patrick J. McDonough, Joseph W. Tyler, Economic Consultant, Washington, D.C., for Torrington Co.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Jeanne E. Davidson, of counsel: John D. McInerney, Sr. Counsel, Douglas S. Cohen, Craig R. Giesse, Diane M. McDevitt, Stephanie J. Mitchell and Maria T. Solomon, Atty. Advisors, Office of the Chief Counsel for Import Admin., Dept. of Commerce, Washington, D.C., for U.S.

Katten Muchin Zavis & Dombroff, Thomas A. Rothwell, Jr., Joseph A. Vicario, Jr., James M. Lyons, Alfred G. Scholle and Callie Georgeann Pappas, Washington, D.C., for INA Bearing Co., Inc. and INA Roulements, S.A.

Howrey & Simon, Herbert C. Shelley, Joel D. Kaufman, Paul Plaia, Jr., Cecilia H. Gonzalez, Alice A. Kipel, Lauren D. Frank and Juliana M. Cofrancesco, Washington, D.C., for SKF USA, Inc., AB SKF and SKF France and SARMA.

Donovan Leisure Newton & Irvine, Pierre F. de Ravel d'Esclapon, New York City, for SNR Roulements and SNR Bearings, USA, Inc.

## OPINION

TSOUCALAS, Judge:

Plaintiff, The Torrington Company ("Torrington"), brings this action to challenge the final determination of the Department of Commerce, International Trade Administration ("Commerce" or "ITA") in the antidumping investigation of antifriction bearings from France. *Final Determinations of Sales at Less Than Fair Value: Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France*, 54 Fed.Reg. 19,092 (1989). Pursuant to Rule 56.1 of the Rules of this Court, plaintiff seeks partial judgment upon the agency record regarding that part of the ITA's determination which stated that the petition encompassed five separate classes or kinds of antifriction bearings. Torrington also contests the ITA's decision to discontinue its investigation of the French costs of production.

## Discussion

A final determination by the Department of Commerce will be sustained unless that determination is not supported by substantial evidence or is otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938); *Alhambra Foundry Co. v. United States*, 12 CIT 343, 345, 685 F.Supp. 1252, 1255 (1988). Under this standard, Commerce is granted considerable deference "in both its interpretation of its statutory mandate and the methods it employs in administering the antidumping law." *Chemical Prods. Corp. v. United States*, 10 CIT 626, 628, 645 F.Supp. 289, 291 (1986) (citations omitted).

### I. Class or Kind

■ The facts of this case were set out in detail in *Torrington Co. v. United States ("Torrington I")*, 14 CIT ——, 745 F.Supp. 718 (1990), *aff'd*, 938 F.2d 1276 (Fed.Cir.1991). Briefly, while Torrington's petition described the subject merchandise as all ground antifriction bearings (except tapered roller bearings) and parts thereof, the ITA subdivided the merchandise into five classes or kinds: ball bearings, spherical roller bearings, cylindrical roller bearings, needle roller bearings and spherical plain bearings. 54 Fed.Reg. at 18,999. Plaintiff claims Commerce does not have the authority to modify the petition's description of "class or kind," but even if it did, its modification here is not supported by substantial evidence in the record.

Our appellate court has adjudged that, as a matter of law, the ITA has the authority to subdivide the petition's class or kind description when necessary, and when there is substantial evidence to support the subdivision. 938 F.2d at 1277–78. In the case at bar, plaintiff has attempted to prove that antifriction bearings are one class or kind by showing similarities among the various bearings within the framework of the criteria set forth in *Diversified Prods. Corp. v. United States*, 6 CIT 155, 162, 572 F.Supp. 883, 889 (1983).[1] The Court finds that the similarities among the bearings are outweighed by substantial evidence supporting the finding of five classes or kinds. *See Torrington I*, 14 CIT at ——, 745 F.Supp. at 723–27. Accordingly, that finding is sustained.

### II. Cost of Production

■ Torrington also claims that the ITA's decision to terminate the investigation of French costs of production ("COP") was not in accordance with law. The Tariff Act of 1930, as amended, 19 U.S.C. § 1677b(b) (1988), provides that, if the ITA "has reasonable grounds to believe or suspect that sales in the home market of the country of exportation ... have been made at prices which represent less than the cost of producing the merchandise ..., such sales shall be disregarded in the determination of foreign market value." 19 U.S.C. § 1677b(b). A cost of production investigation may be initiated at the request of the petitioner if the petitioner files its request in a timely manner and the information supporting the request meets statutory and judicial standards. *Id.*; *Al Tech Specialty Steel Corp. v. United States*, 6 CIT 245, 247–48, 575 F.Supp. 1277, 1280–81 (1983), *aff'd*, 745 F.2d 632 (Fed.Cir.1984); *Floral Trade Council of Davis, Cal. v. United States*, 12 CIT 981, 982, 698 F.Supp. 925, 926 (1988).

In its petition, Torrington alleged that sales in the home market of French manufacturers of antifriction bearings ("AFBs") were being made at prices below the cost of production. General Administrative Record ("GAR") (Pub.) Doc. 1 at 104–05.

---

1. The criteria include the general physical characteristics of the merchandise, the expectations of the ultimate purchasers, channels of trade in which the goods travel, the ultimate use of the product, and its cost or manner of advertising or display. *Id.* *See also Kyowa Gas Chem.*

*Indus. Co. v. United States*, 7 CIT 138, 140, 582 F.Supp. 887, 889 (1984).

These criteria are codified at 19 U.S.C. § 1677j(d)(1) for scope determinations concerning later developed merchandise.

On the basis of the petition's allegations, the ITA initiated an investigation as to the cost of producing AFBs in France. The importers objected to the investigation based on the fact that Torrington's allegations relied on an amalgam of French costs, rather than the company-specific data required by this court in *Al Tech*. Commerce concurred and on July 22, 1988, Commerce asked Torrington to supplement its submissions. GAR (Pub.) Doc. 120.

When Torrington's supplements still did not satisfy the statutory and *Al Tech* standards, Commerce rescinded the COP investigations in each of the five classes or kinds of bearings as to all the foreign manufacturers. *See* GAR (Pub.) Doc. 160. Plaintiff contends that the company-specific standard is an overly onerous one which is not consistent with the mandates of the Tariff Act.

In *Torrington Co. v. United States (Torrington II)*, 15 CIT ——, 772 F.Supp. 1284 (1991), this Court followed the *Al Tech* ruling and held that, a plaintiff seeking initiation of a COP investigation must "submit specific and objective evidence that particular producers were selling below cost in their home markets." *Id.* at ——, 772 F.Supp. at 1288. *Cf. Monsanto Co. v. United States*, 12 CIT 949, 952, 698 F.Supp. 285, 288–89 (1988) (cost allegations against different producers considered separately). The Court adheres to its opinion in *Torrington II* and finds that Commerce applied the correct standard in deciding to rescind the COP inquiries herein. Moreover, Torrington's admitted lack of company-specific data supports Commerce's decision.

After revoking the COP investigations, the ITA afforded Torrington the opportunity to submit revised cost allegations which would satisfy the statutory and judicial standards, and which could result in a reopening of the COP probes. GAR (Pub.) Doc. 164 at 2–3. Petitioner submitted additional data within the ITA's stated deadline. However, Commerce reactivated only the investigation pertaining to ball bearings manufactured by SKF–France. *Preliminary Determinations of Sales at Less Than Fair Value: Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France*, 53 Fed. Reg. 45,328, 45,330 (1988). Commerce did not revive the investigations of other bearings made in France because either the amended cost allegations failed to set forth sufficient company-specific allegations as to those products or no further allegations were received. 54 Fed.Reg. at 19,020; *see* GAR (Pub.) Doc. 338. Torrington argues that its supplemental submissions satisfied the company-specific standard, and the failure to reinstate the COP probes was thus inappropriate even if the more strict criteria are applied.

Regarding the costs of respondent INA–France, plaintiff admits its cost comparisons were not specific to INA, but rather were based on data from SKF–France, a competing firm. *Memorandum in Support of Plaintiff Torrington Company's Motion for Partial Judgment Upon an Agency Record* at 104. Torrington concludes, however, that this data was representative of INA's costs and therefore should have been sufficient to provide the ITA with grounds to believe or suspect below cost sales. Given the Court's reaffirmance of the company-specific standard here, the ITA's decision not to reinstate the probe of INA's costs because of the lack of such data was in accordance with law and is sustained.

■ Lastly, Torrington contends that its amended submissions concerning SKF's costs did fulfill the *Al Tech* conditions and therefore, an investigation of SKF's costs should have proceeded. The ITA did reinstate the cost investigation of SKF's ball bearings, since there was company-specific data supporting those allegations. 53 Fed. Reg. at 45,330. However, the ITA did not reinstitute the cost investigation of SKF's spherical roller bearings because "there were no sales of spherical roller bearings, cited in the petitioner's allegations, in the home market during the" period of investigation. 54 Fed.Reg. at 19,020.

The Government defends its decision not to reinitiate the investigation on the basis of Torrington's deficient supplemental alle-

gations which, while specific to SKF, contained price and cost data only with regard to ball bearings, not spherical roller bearings. *Defendant's Second Memorandum in Opposition to Plaintiffs' Motions for Partial Judgment Upon the Agency Record Regarding Certain Fundamental Issues* at 57. Torrington maintains that the ITA's demand for product-specific data, in addition to company-specific information, imposed additional burdens and an impermissibly high threshold for initiation of the cost investigation.

The Court cannot concur with plaintiff's reasoning. Once the ITA determined that the investigations concerned five different classes or kinds of merchandise, evidence was necessary to support cost investigations as to *each* class or kind, since the inquiry into each class was tantamount to a separate investigation. The statute authorizing cost investigations states that they will be initiated when the ITA has grounds to believe or suspect that home market sales were at "less than the cost of producing the *merchandise in question.*" 19 U.S.C. § 1677b(b) (emphasis added). The merchandise in question here is not any and all antifriction bearings, but rather each individual class or kind of bearing, to wit, ball bearings, spherical roller bearings, needle roller bearings, cylindrical roller bearings and spherical plain bearings.

Hence, evidence that SKF sold ball bearings below cost did not, standing alone, furnish reasonable grounds to believe that SKF also sold spherical roller bearings below cost. This position was explained by Commerce in its letter to petitioner's counsel, dated July 22, 1988. GAR (Pub.) Doc. 120; *see also* GAR (Pub.) Doc. 164 at 2–3. Indeed, the ITA granted Torrington the opportunity to cure the deficient allegations with claims against particular firms as to each class or kind. *Id.* The supplements dealing with SKF's ball bearings were extensive, and were deemed sufficient to reinstate the COP investigation as to that class. However, the new submissions on spherical roller bearings were again insufficiently specific and that investigation was not re-opened.

The record indicates that Torrington did volunteer more specific data on SKF's *sales* of spherical roller bearings in France. French Administrative Record (Conf.) Doc. 42. However, the defects in the *cost* data evident in its earlier submissions are also apparent in its later one. The revised cost calculations specifically state that unit costs were derived using Torrington's cost data from Attachment A of Exhibit 21 of the petition ("Attachment A"). *Id.* at Ex. 3. However, the costs cited at Attachment A refer only to ball bearing and needle roller bearing materials. *See* GAR (Pub.) Doc. 1 at Ex. 21, COP Attachment A. Therefore, there is no indication of what Torrington's spherical roller bearing costs are nor, by extension, its estimated costs for SKF. Accordingly, the Court finds that the ITA's determination that it did not have reasonable grounds to believe or suspect that SKF was selling spherical roller bearings in France below cost was reasonable and was supported by substantial evidence in the record.

### Conclusion

The determination of the ITA to subdivide the petition's description of the class or kind of merchandise to be investigated and the determination to rescind the investigations of the French respondents' costs of production are supported by substantial evidence and are otherwise in accordance with law, and are affirmed.

This case having been duly submitted for decision following plaintiffs' motion pursuant to Rule 56.1 of the Rules of the Court, and the Court, after due deliberation, having rendered a decision herein; now then, in accordance with said decision,

IT IS HEREBY ORDERED that plaintiff's motion for partial judgment upon the agency record is denied; and it is further

ORDERED that the determination of the Department of Commerce, International Trade Administration, as to Counts 1 and 3 of plaintiff's Complaint is affirmed, and those counts are dismissed; and it is further

ORDERED that pursuant to Rule 54(b) of the Rules of this Court, this is a final

judgment as to those Counts, and there is no just reason for delay in the entry of final judgment.